**Emmitt Alfred BALLARD, Petitioner-Appellant,**

v.

**The STATE OF TEXAS, Respondent-Appellee.**

No. 30239

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1971.

Emmitt Alfred Ballard, pro se.

Henry Wade, Cr. Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Texas state convict for a writ of habeas corpus. We affirm.

Appellant, represented by court-appointed counsel, was convicted by a jury of fondling a child and was sentenced to 15 years imprisonment. His direct appeal is now pending in the Texas Court of Criminal Appeals.

Bail pending appeal was set by the trial court at $30,000. Appellant filed a petition for the writ of habeas corpus in that court for reduction of bail. While that petition was pending appellant petitioned the Court of Criminal Appeals for a writ of mandamus instructing the trial court to hold a hearing on his habeas petition. Mandamus was denied, and the trial court denied the habeas petition. Appellant then applied to the Court of Criminal Appeals for habeas corpus and reduction of bond, which motion was denied.

Appellant then applied to the federal district court seeking reduction of bond. The district court denied relief without holding an evidentiary hearing, and we affirm.

There is no absolute right to bail pending appeal. Grech v. Purdy, 5 Cir. 1970, 426 F.2d 304; United States ex rel. Fink v. Heyd, 5 Cir. 1969, 408 F.2d 7, cert. denied, 396 U.S. 895, 90 S.Ct. 192, 24 L.Ed.2d 172; Sellers v. Georgia, 5 Cir. 1967, 374 F.2d 84. There being

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Compa-

ny of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

no exceptional circumstances present in this case, we will not interfere with the state courts' determination as to the amount of bail which will ensure a defendant's presence while his appeal is pending. See Fink v. Heyd, *supra*; Sellers v. Georgia, *supra*. The judgment below is affirmed.

Affirmed.