**Ex parte Victor BRIONES.**

No. 56965.

Court of Criminal Appeals of Texas, Panel No. 2.

March 22, 1978.

Tomas Garza, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Clovis Michael Ward, Asst. Dist. Atty., Lubbock, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from an order in a habeas corpus proceeding denying bail for petitioner pending the appeal of his conviction for robbery.

Appellant was convicted of robbery on October 3, 1977, and a jury assessed punishment at thirteen years. Subsequently notice of appeal was given and appellant filed an application for habeas corpus requesting bail be set pursuant to Article 44.04, V.A.C. C.P. The court, after return was made on the writ, heard the application and refused to set bail on authority of Article 42.09, V.A.C.C.P. Appeal was taken from that denial of relief.

Appellant contends the trial court erred in not following the provisions of Art. 44.04, supra, and the State responds by relying on Art. 42.09, supra. The issue before us is one of statutory construction and harmonization. The statutes under examination provide:

"Art. 42.09. Indeterminate sentence; commencement of sentence and delivery to place of confinement

". . .

"Sec. 2. Except as provided in Sections 3 and 4, a defendant shall be delivered to jail or to the Department of Corrections when his sentence to imprisonment is pronounced, or his sentence to death is announced, by the court. The defendant's sentence begins to run on the day it is pronounced, but with all credits, if any, allowed by Article 42.03.

"Sec. 3. If a defendant appeals his conviction and is released on bail pending disposition of his appeal, when his conviction is affirmed, the clerk of the trial court, on receipt of the mandate from the appellate court, shall issue a commitment against the defendant. The officer executing the commitment shall endorse thereon the date he takes the defendant into custody and the defendant's sentence begins to run from the date endorsed on the commitment. The Department of Corrections shall admit the defendant named in the commitment on the basis of the commitment.

"Sec. 4. If a defendant is convicted of a felony and sentenced to death, life, or a term of more than ten years in the Department of Corrections and he gives notice of appeal, he shall be transferred to the Department of Corrections on a commitment pending a mandate from the Court of Criminal Appeals.

"Sec. 5. If a defendant is convicted of a felony and his sentence is a term of ten years or less and he gives notice of appeal, he shall be transferred to the Department of Corrections on a commitment pending a mandate from the Court of Criminal Appeals upon request in open court or upon written request to the sentencing court. Upon a valid transfer to the Department of Corrections under this section, the defendant may not thereafter be released on bail pending his appeal."

"Art. 44.04. Bond pending appeal

". . .

"(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement but shall immediately be placed in custody and the bail discharged.

"(c) Pending the appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

". . .

"(g) The right of appeal to the Court of Criminal Appeals of this state is ex-

pressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals."

The apparent conflict is between the language of Art. 42.09, Sec. 4, and that of Art. 44.04(c). The State contends the language of Art. 42.09, Sec. 4, is mandatory and prohibits bail if punishment is over ten years. Appellant argues that Art. 44.04(c) contemplates bail during appeal if the punishment does not exceed fifteen years, that the Legislature did not intend by its amendment of Art. 42.09 to deny the right of bail to persons receiving punishment over ten years, and that any apparent conflict between the provisions can and should be harmonized under the Code Construction Act, Art. 5429b–2, V.A.C.S.

On the surface the statutes do appear to be in conflict as to cases where punishment is over ten years and not over fifteen years. Furthermore, both statutes were amended and the questioned language added at the same session of the Legislature. Acts 1977, 65th Leg., p. 636, ch. 234, and p. 2018, ch. 806.

In our examination of these provisions, we are guided by the Code Construction Act, supra. See, sec. 1.02(2) thereof. The construction aids in Sec. 3.03 are:

"In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the

"(1) object sought to be attained;

"(2) circumstances under which the statute was enacted;

"(3) legislative history;

"(4) common law or former statutory provisions, including laws upon the same or similar subjects;

"(5) consequences of a particular construction;

"(6) administrative construction of the statute; and

"(7) title, preamble, and emergency provision."

The dates of passage in the Session Laws reflect that the amendments to Art. 42.09 (H.B. 39) passed the House on April 21 and passed the Senate on May 28. The amendments to Art. 44.04 (S.B. 52), on the other hand, passed the Senate on March 28, passed the House, with amendments, on May 12, and finally passed the Senate, with House amendments, on May 13. Thus, the House approved the amendment to Art. 44.-04 after it approved the amendment to Art. 42.09, whereas the Senate acted in the reverse order.

An examination of the bill history files preserved at the Legislative Reference Library in Austin reveals H.B. 39 (amending Art. 42.09) was before the House Committee on Criminal Jurisprudence from January 12 through March 30, and that S.B. 52 (amending Art. 44.04) was before the same committee from March 29 through May 4. Thus both bills were before the same committee, and it is to be presumed the legislators were aware of the matters before them, and any possibility of conflict. The only express statements of legislative intent to be found in the bill history files are contained in the Bill Analyses of the House Committee Reports on these two bills, under the heading "What the Bill Proposes to Do." The report on H.B. 39 states:

"Amends Article 42.09 C.C.P. by providing that a defendant sentenced to death, life or a term of more than 10 years shall be transferred to T.D.C. pending appeal *unless he is released on bail,* and further providing that time spent at T.D.C. pending appeal be computed as if no appeal had been made. A person sentenced to a term of less than 10 years and who appeals his case shall be transferred to T.D.C. upon his written request in open court." (Emphasis added.)

The report on S.B. 52 states:

"Amends Article 44.04 C.C.P. by giving the trial court *discretion to set or deny bond during the pending of an appeal where punishment does not exceed fifteen (15) years.* Also, procedures would be set up whereby a defendant who commits a crime while on bail would be denied appeal bond." (Emphasis added.)

These expressions of legislative intent were not part of the bills and do not have the force of law.[1] Nevertheless, they may aid us in construing these statutes. Art. 5429b–2, Sec. 3.03(2) and (3), supra.

Another matter we may look to is the object sought to be attained. Art. 5429b–2, Sec. 3.03(1), supra. Article 42.09, Secs. 2–5, supra, concerns delivery to the place of confinement. The caption to H.B. 30 states in part that the act relates to the commitment and delivery to the place of confinement of a convicted defendant. Art. 44.04, supra, on the other hand, relates to bond pending appeal, and the caption to S.B. 52 so states. See, Art. 5429b–2, Sec. 3.03(7), supra. These are distinct matters, and the provision addressing the *manner of delivery* of a convicted defendant for confinement pending disposition of his appeal does not necessarily foreclose the question of *whether* to confine him during the appeal. This distinction is also supported by a comparison of Art. 42.09, Sec. 3 with Secs. 4 and 5. Section 3 speaks to the *manner of delivery* for confinement *when the defendant is released on bail*, regardless of the term assessed, while Sections 4 and 5 address by implication the *manner of delivery* for confinement, according to the term assessed, *when he is not released on bail.* These three sections do not address *whether* to release him on bail; that is the subject of Art. 44.04.

It is presumed the Legislature intended that both amendments be given effect, and we will give both statutes effect if a reasonable construction may be found to produce harmony rather than conflict between them. See, Art. 5429b–2, Sec. 3.03(5), supra. Construing Art. 42.09 to address only the *manner of delivery* of appellant for confinement, and construing Art. 44.04(c) to control the determination of *whether* to confine appellant, we hold the apparent conflict is thereby resolved, and both statutes may be given effect. These constructions we find to be in accord with the legislative intent. We therefore set aside the order of the trial court denying bail under Art. 42.09, supra. The provisions of Art. 44.04(c), supra, should have been applied by the trial court to determine whether to grant or to deny bail.

The judgment denying bail is set aside and the cause is remanded for proceedings consistent with this opinion.

1. It would be entirely proper for such statements of legislative intent to be made a part of the bill, even though not a part of the Code amendment. Such acts would carry greater weight, and, as part of the Session Laws, would be more accessible to the public and the bench and bar than the reports on file in the Legislative Reference Library. In the past this was more commonly the practice. See, e. g., Acts 1955, 54th Leg., pp. 386, 1174, chs. 107 Sec. 5, 453 Sec. 3 (on successive amendments of same statute in same session); id. p. 486, ch. 138 Sec. 3 (on appellate record in criminal cases).