**Ex parte Charles Paul JACKSON.**

**No. 65243.**

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

Before us are two applications for writ of habeas corpus,[1] each of which substantially petitions the trial court to set reasonable bail pending the disposition of petitioner's direct appeal to this Court.

The record reflects that petitioner was convicted of the offense of voluntary manslaughter by a jury, on April 6, 1979 in the 33rd Judicial District Court of Burnet County. April 11, 1979, the trial court convened a hearing before the court on the issue of punishment, and petitioner's sentence was imposed at not less than two (2) nor more than fifteen (15) years confinement. Thereafter, on May 11, 1979, the trial court overruled petitioner's motion for new trial and pronounced sentence, ordering that petitioner be "remanded to custody of [the] Sheriff for execution of this sentence."[2] On May 29, 1979, the trial court entered orders appointing counsel for appeal and authorizing preparation of the record for that purpose.

The record nowhere reflects, nor does petitioner allege in his applications for appeal bond, the date on which petitioner was transferred to the Texas Department of Corrections. It is apparent, however, that appellant was confined in the Department of Corrections at the time the District Clerk filed his petition for writ of habeas corpus on January 22, 1980.

The record further reflects that petitioner's applications for appeal bond were delivered by the Burnet County District Clerk to the trial court on January 22, 1980. The next document revealed by the record is entitled "Clerk's Certificate of Non-Action" which treats the applications as post conviction applications for writ of habeas corpus, citing Article 11.07, supra, and recites that:

. . . it appears that the trial court's failure to act within the time limits prescribed by [Article 11.07, § 2(c)] constitutes a finding that there are no previously unresolved facts material to the legality of applicant's confinement, and therefore, it would appear that the application for writ of habeas corpus has been overruled by operation of law.

This "certificate" is dated February 29, 1980; on the same day the District Clerk transmitted to this Court the transcript of proceedings regarding these writs of habeas corpus.

It is apparent from the face of the record before us that the trial court has neither conducted a hearing, nor made a ruling, upon the merits of these requests for setting appeal bond.

■ In view of the circumstances we confront here and, indeed, with escalating recurrence—i. e., in which an appealing convict is confined in the State penitentiary on a sentence more than ten years, by order of the trial court pursuant to Article 42.09, § 4, V.A.C.C.P.,[3] but who, on the authority of Article 44.04(c), V.A.C.C.P.,[4] is entitled to

1. The first petition was filed by appointed counsel for petitioner, pursuant to Article 44.04(a), V.A.C.C.P., on January 2, 1980. The second application, however, was filed by petitioner *pro se* on January 22, 1980, and cites Articles 11.07 and 11.08, V.A.C.C.P., as authority for the trial court's consideration of its content.

2. At that time appellant gave notice of appeal and thereafter moved for appointment of counsel and an appellate record at county expense.

3. Article 42.09, § 4, supra, provides:
   If a defendant is convicted of a felony and sentenced to *death, life, or a term of more than ten years* in the Department of Corrections and he gives notice of *appeal, he shall be transferred to the Department of Correc-*

*tions* on a commitment pending a mandate from the Court of Criminal Appeals.
(All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

4. Article 44.04(c), supra, provides:
   Pending the appeal from any felony conviction where the *punishment does not exceed 15 years confinement, the trial court may deny bail* and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, *permit the defendant to remain at large on the existing bail, or,* if not then on bail, *admit him to reasonable bail* until his conviction becomes final. * * *

reasonable bail (absent a finding of good cause to deny such bail) by virtue of his sentence being not greater than 15 years, without the effectuation of his due process right to a *hearing* on his motion for appeal bond—this Court has constitutional authority to issue the writ of habeas corpus pursuant to our original jurisdiction.[5]

In *Ex parte Briones*, 563 S.W.2d 270 (Tex. Cr.App.1978), this Court harmonized the apparent conflict between Articles 44.04(c) and 42.09, § 4, supra,[6] concluding that the former concerns the question of *whether to confine* a convicted defendant pending his appeal, while the latter addresses the *manner of his delivery* for confinement. In *Briones*, supra, at 273, it was stated:

> These are distinct matters, and the provision addressing the *manner of delivery* of a convicted defendant for confinement pending disposition of his appeal does not necessarily foreclose the question of *whether* to confine him during the appeal. * * * Construing Art. 42.09 to address only the *manner of delivery* of appellant for confinement, and construing Art. 44.04(c) to control the determination of *whether* to confine appellant, we hold the apparent conflict is thereby resolved, and both statutes may be given effect. * * * We therefore set aside the order of the trial court denying bail under Art. 42.09, supra. The provisions of Art. 44.04(c), supra, should have been applied by the trial court to determine whether to grant or deny bail. [Emphasis original]

█ Petitioner in the instant case has been delivered to the Texas Department of Corrections for confinement, without having the trial court consider or determine *whether* to confine him *under the criteria established by Article 44.04(c)*; thus, petitioner has been denied one of the most rudimentary constituents of due process and due course of law. Accordingly, the writ of habeas corpus will issue returnable, however, to Burnet County.

The "certificate" of "no action" entered February 29, 1980, is set aside and the Clerk of this Court is directed to issue a writ of habeas corpus to the Director of the Texas Department of Corrections, Honorable W. J. Estelle, commanding him to produce before the 33rd Judicial District Court of Burnet County in the said County of Burnet instanter the person of Charles Paul Jackson for hearing on his application for bail pending appeal pursuant to Article 44.04(c), V.A.C.C.P. As well we direct that a copy of the opinion be forwarded to the Texas Department of Corrections and the trial court.

A motion for rehearing will not be entertained.

It is so ordered.

---

5. Tex.Const. Article V, § 5 provides in pertinent part:

> \* \* \* \* \* \*
>
> Subject to such regulations as may be prescribed by law, regarding criminal law matters, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the *writs of habeas corpus*, mandamus, procedendo, prohibition, certiorari, . . ..

See *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex.Cr.App.1978) (Onion, P.J., concurring).

6. In *Briones*, supra, the trial court had denied the petitioner's request for bail under Article 44.04(c), supra, reasoning that Article 42.09, § 4, supra, authorized him to refuse to set a reasonable bond. From the opinion we are unable to ascertain whether Briones had been sent to the Department of Corrections, as has our petitioner herein.