**Ex parte Robert WILLIAMS, Applicant.**

**No. 04–82–00056–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 22, 1982.

Discretionary Review Refused
May 5, 1982.

---

1. All citations are to the Tex.Family Code Ann. (Vernon Supp.1982).

David Weiner, San Antonio, applicant.

Bill White, Dist. Atty., Alan Battaglia, Asst. Crim. Dist. Atty., San Antonio, appellee.

Before CADENA, C. J., and BUTTS and BASKIN, JJ.

## OPINION

PER CURIAM.

Applicant appeals from the denial of habeas corpus relief from allegedly excessive bail pending appeal. Tex.Code Crim.Pro. Ann. art. 44.34 (Vernon Supp. 1982). After appellant was convicted of aggravated assault on a peace officer and was assessed punishment of five (5) years' confinement, the trial court initially denied bail pending appeal. Upon applicant's filing of his first habeas corpus application, bail was set at $25,000.00. The present application, seeking reduction of that amount of bail, was denied by the trial court without hearing.

Given the type of offense and the punishment imposed, the most expedient course for us would be to determine simply whether or not bail of $25,000.00 pending appeal of such a conviction is reasonable. This would be improper, however, because to do so would be to hold, as a matter of law, that bail in that amount for that type of offense and sentence is either always reasonable or always unreasonable. It was held in *Ex parte August*, 552 S.W.2d 169 (Tex.Crim. App.1977), that appellate courts should not engage in this type of speculation when there has been no opportunity for the applicant to offer before the trial court whatever mitigating evidence he wishes considered.

We express particular concern over the denial of a hearing on this matter. Article I, § 12 of our Texas Constitution states, "The writ of habeas corpus is a writ of right, and shall never be suspended." While the Eighth and Fourteenth Amendments to the United States Constitution do not recognize a federal constitutional right to bail after conviction in a state court, they do require that any such right the state system confers not be arbitrarily or unreasonably administered. *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979); *Brown v. Wilmot*, 572 F.2d 404, 405 (2d Cir. 1978). See also *Ballard v. Texas*, 438 F.2d 640 (5th Cir. 1971). In this State, the right to reasonable bail pending appeal is found in Tex. Code Crim.Pro.Ann. art. 44.04 (Vernon Supp. 1982). We hold that to deny a hearing upon a convicted defendant's motion for reduction of allegedly excessive bail constitutes an arbitrary and unreasonable action, as does the denial of habeas corpus relief without a hearing. Whether relief is sought by a motion to reduce bail under art. 44.04, *supra*, or by an application for writ of habeas corpus under art. 11.05, the substantial right to bail on appeal would be rendered meaningless if the trial court could avoid review of his action by denying a forum to the requesting defendant. With commendable candor, the attorney for the State admitted this fact in his confession of error at the oral argument of this cause.

Accordingly, the trial court's order denying relief without hearing is vacated, and

the cause is remanded for a hearing. In determining the appropriate amount of bail, the trial court should be guided by the factors enumerated in *Ex parte Rubac*, 611 S.W.2d 848, 849–850 (Tex.Crim.App.1981). Should there be a further appeal of this matter, it would be helpful to this court if the trial court were to enter findings of fact and conclusions of law on which his decision is based. No motion for rehearing will be permitted in this cause.