**Ex parte Daniel Gaston SHOCKLEY, Sr., Petitioner.**

No. 05–84–01083–CR.

Court of Appeals of Texas, Dallas.

Nov. 21, 1984.

Discretionary Review Granted Feb. 6, 1985.

John H. Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and ALLEN and WHITHAM, JJ.

ALLEN, Justice.

Daniel Gaston Shockley, Sr. appeals from an order of the trial court increasing his appeal bond from $10,000 to $50,000. In two grounds of error, the petitioner contends: (1) he was denied due process because he was not given notice and a hearing on the issue of increased bond; and (2) there was no evidence to support the order increasing bond.

The petitioner was convicted on June 11, 1984, of burglary of a building. Punishment was assessed at ten years and one day in the Texas Department of Corrections. The trial court set bail pending appeal at $10,000. On August 14, 1984, the State filed a "Motion To Hold The Defendant Who Is On Appeal, Without Bond" pursuant to TEX.CODE CRIM.PROC. ANN. art. 44.04(c) (Vernon Supp.1984).

The hearing to revoke bail was held on August 28, 1984. The State's sole witness was John Leathers, an investigator for the Dallas County District Attorney's Office. Leathers testified, over vigorous hearsay objections, that he had spoken with a police officer in St. Louis, Missouri regarding pending charge in Missouri against the petitioner for attempted burglary and possession of burglary tools. Leathers also received a written investigation report pertaining to these charges. The alleged offenses in Missouri were committed on August 5, 1984. The defense called no witnesses.

■ At the conclusion of the evidence the State by oral motion requested that the court increase appellant's bond to $250,-000.00 in the event the court should reject the State's motion to hold appellant without bond. It is apparent that the hearsay testimony presented by the State would neither support its written motion nor its oral motion.

■ The appellant objected to a hearing on the State's motion to increase bail because it was not in writing and no notice had been given to appellant. The court stated that it had statutory power to in-

crease an appeal bond on its own motion and that it need not be in writing. The court then stated, "I'm going to increase the bond to $50,000.00." We conclude that the court increased the appeal bond amount on its own motion.

■ We hold that the court has a statutory right to raise bond pursuant to its own motion. TEX.CODE CRIM.PROC. ANN. art. 44.04(d) (Vernon Supp.1984). Before exercising this authority granted by statute, the court is not required to give the defendant either notice or a hearing.

■ The court's action in increasing appellant's appeal bond on its own motion, by implication, overruled the State's motion to deny appellant bond on appeal. Therefore, the nature of the evidence adduced by the State in support of its motion is immaterial for purposes of this appeal.

■ Further, the defendant has not been denied due process in that he is free either to file a motion to reduce bond under TEX. CODE CRIM.PROC.ANN. art. 44.04(d) (Vernon Supp.1984) or to file a writ of habeas corpus alleging excessive bail under TEX.CODE CRIM.PROC.ANN. art. 11.01 (Vernon 1977). Under either option, appellant will be granted his constitutional rights to notice and a hearing. *Ex parte Williams*, 630 S.W.2d 803, 804 (Tex.App.— San Antonio 1982, no writ).

The judgment entered by the trial court does not address the subject matter contained in the record before this court and, therefore, must be reformed to conform with the record. We reform the judgment to recite: (1) that the hearing was held on the State's motion to deny bail pending appeal by the defendant Daniel Gaston Shockley, Sr.; (2) that after the hearing the State's motion was denied; and (3) that the court, on its own motion, increased defendant Shockley's bond pending appeal from $10,000.00 to $50,000.00.

As reformed we affirm the judgment of the trial court.

WHITHAM, Justice, dissenting.

I respectfully dissent. I cannot agree that in the present case the trial court is permitted to increase the amount of bail on its own motion in the absence of evidence of probative value. In my view, the need for probative evidence to support an increase in the amount of bail did not disappear the moment that the trial court became a joint movant with the State to increase the amount of bail.

TEX.CODE CRIM.PROC.ANN. art. 44.-04(d) (Vernon Supp.1984) provides "[a]fter conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which trial was had may increase or decrease the amount of bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant." In the present case we have before us the State's oral motion to increase the amount of bail and the trial court's motion to increase the amount of bail. Both motions were heard by the trial court in the same proceedings on the same day. The trial court's motion was made after, to quote the majority, it became "apparent that the hearsay testimony presented by the State would neither support its written motion nor its oral motion." I cannot agree with the majority's holding that article 44.04(d) permits the trial court to inject itself into a hearing being held before it on either a State's motion or a defendant's motion as a joint movant seeking similar relief to that sought by State or defendant. For a trial court to enter a matter being heard before it on the side of any party to the controversy is not authorized by article 44.04(d).

The majority correctly recognizes that as to the State's motion to increase the amount of bail evidence was necessary to support the State's motion and that in the present case "[i]t is apparent that the hearsay testimony presented by the State would neither support its written motion nor its oral motion." Hearsay testimony admitted over objection has no probative value in a hearing conducted under article

44.04(d). *See Burroughs v. State*, 611 S.W.2d 106, 107 (Tex.Crim.App.1981). The State concedes as much for it tells us in its brief that "[t]he State acknowledges that hearsay evidence has no probative value." I cannot agree, therefore, with the majority's holding that when the amount of bail is increased on the court's own motion that no evidence whatsoever is required. A motion is but the device to bring a matter before a court. Merely because a motion is the court's motion does not carry with it the evidence necessary to support granting the motion.

In the present case the trial court and the majority of this court have recognized that the State failed to prove its case on its oral motion to increase the amount of bail. The trial court, however, not to be frustrated by mere rules of evidence in its desire to increase bail, used the "upon its own motion" provisions of article 44.04(d) to come to the aid of the State. To my mind, if probative evidence is required to support the State's motion to increase bail in the present case, then probative evidence is required to support the trial court's "back up motion" to increase bail in the present case. If the State or defendant must adduce admissible evidence on a motion to increase or decrease the amount of bail, then admissible evidence should be required on the trial court's joint motion with one of the parties when the trial court enters the matter being heard before it on the side of one of the parties.

It is undisputed that there was no evidence of probative value to support the order increasing the amount of petitioner's bail on the trial court's motion. Accordingly, I would sustain petitioner's second ground of error and reverse the order of the trial court increasing petitioner's appeal bond from $10,000 to $50,000 and remand with instructions that the bond be set again at $10,000. In view of the disposition I would make of the present case, I do not reach appellant's first ground of error asserting a denial of procedural due process.