John H. Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty. & Donald G. Davis & Joan Marshall, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**Ex parte Daniel Gaston SHOCKLEY, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 112–85.

Court of Criminal Appeals of Texas, En Banc.

Sept. 24, 1986.

OPINION ON STATE'S MOTION FOR REHEARING ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant's petition for discretionary review was granted to consider whether the

Dallas Court of Appeals correctly sustained the trial court's decision to raise the bond on appeal of appellant's conviction for burglary of a building from $10,000 to $50,000. Said bond was raised after a hearing on the State's written motion to deny bail on appeal at which appellant was represented by both of his attorneys. At the hearing the State orally moved that if requested denial of bail on appeal was overruled the trial court increase the bail on appeal to $250,-000. The appellant objected to the oral motion of the State to increase bail on appeal because the motion was not in writing and no notice had been given appellant. The trial court stated it could increase the bond on its own motion and increased the bond to $50,000. The Court of Appeals held that the court increased the bond on its own motion under Article 44.04(d), V.A.C.C.P., and that when exercising such authority the court is not required to give the defendant either notice or a hearing.

On original submission it was observed that the appellant's burglary conviction was reversed on appeal by the Dallas Court of Appeals in their Cause No. 05–84–00952–CR and that the State filed its petition for discretionary review. Upon motion to this Court bond was set at $10,000 under Article 44.04(h), V.A.C.C.P. The issue presented in the instant case was thus held to be moot, and appellant's petition for discretionary review was ordered dismissed.

In the State's motion for rehearing complaint was made that this Court, in dismissing the petition because the issue raised was moot, had erred in ruling in effect on the merits of the petition.

We agree that some of the language used in the opinion on original submission was inappropriate to a dismissal of the petition on the grounds of mootness. Such opinion is hereby withdrawn. The issue of bail on appeal is moot, and appellant's petition for discretionary review is dismissed without comment on the correctness of the decision of the Court of Appeals.

MILLER, Judge, concurring.

This dismissal for mootness marks the second occasion in which this Court's re-quirement that notice be given prior to denial of bail on appeal has failed to survive State's motion for rehearing and thus failed to become part of the jurisprudence of our State. The first occasion of course was when the State was successful in getting a dismissal for mootness in the case of *Hunter v. State*, No. 770–85 (delivered Oct. 23, 1985, dismissed on State's Motion for Rehearing in an unpublished opinion delivered on May 7, 1986).

Just so the judges of this State will have the benefit of the Court's thinking, vis-a-vis notice and bail denial or bail increase, I am attaching the original text of the *Hunter* decision in an appendix. That case holds, as did the previous opinion in this case, that the defendant is entitled to notice and a hearing before he can be denied a bond on appeal (that he is statutorily eligible for).

Since the original opinion of the Dallas Court of Appeals was published, *Ex parte Shockley*, 683 S.W.2d 493 (Tex.App. Dallas, 1984), our opinion today should also be published.

With this elaboration, I concur in the dismissal of appellant's petition for discretionary review.

TEAGUE and CAMPBELL, JJ., join.

### APPENDIX

#### ORIGINAL OPINION HANDED DOWN OCTOBER 23, 1985

#### WITHDRAWN ON STATE'S MOTION FOR REHEARING ON MAY 7, 1986

ROBERT HUNTER, Appellant,

v.

THE STATE OF TEXAS, Appellee.

No. 770–85

Petition for Discretionary Review from the Court of Appeals, Twelfth Supreme Judicial District of Texas [GREGG County]

#### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Appellant was convicted on his plea of guilty to the offense of felony theft and

received a ten year probated sentence. On March 8, 1985, the trial court held a hearing and revoked appellant's probation based on an application filed by the State. Appellant gave notice of appeal at the conclusion of the hearing and requested bond. The trial court, without holding a hearing, denied bond on its own motion pursuant to Article 44.04(c), V.A.C.C.P., after finding that appellant was likely to commit another offense if released on bond.[1] The court of appeals, in an unpublished opinion, affirmed the denial of bond. Hunter v. State, No. 12–85–0130–CR, delivered June 13, 1985.

We accepted review to determine whether the trial court denied "appellant due process by denying appeal bond on its own motion without prior notice or hearing upon such denial."[2]

Before deciding whether appellant was denied due process, we must make a two-step analysis: First, does appellant have a liberty interest under the Due Process Clause in bail pending appeal? Second, assuming that a liberty interest is at stake, what due process is required before a trial court can make a decision to deny bail?[3]

## I. Does Appellant Have a Liberty Interest Under the Due Process Clause in Bail Pending Appeal?

There is no federal constitutional right to bail pending appeal. Finetti v. Harris, 609 F.2d 594 (2d Cir.1979); see also, Ballard v. Texas, 438 F.2d 640 (5th Cir.1971). Therefore, appellant can not claim a liberty interest in bail pending appeal arising directly out of the Eighth Amendment's language. U.S. Const. amend. VIII.

In Texas, however, our Legislature has made provision for a defendant to seek reasonable bail pending appeal. Article 44.04, V.A.C.C.P. Under state law, the trial court has a non-discretionary duty to consider a defendant's application for bail if he is eligible. Ex parte Byers, 612 S.W.2d 534 (Tex.Cr.App.1981). A defendant is eligible if the punishment does not exceed 15 years confinement or the defend-

1. "THE COURT: At this time, do you know what you wish to do?
"MR. MOBLEY [Appellant's Counsel]: Judge, we will be filing a Notice of Appeal. I don't believe a Motion for New Trial is provided for in cases of probation revocation. So, we will be giving our Notice of Appeal and ask that the Court set a bond.
"THE COURT: Okay. At this time, are you going to give the notice of appeal?
"MR. MOBLEY [Appellant's Counsel]: Yes, sir.
"THE COURT: Okay. The notice of appeal is noted in open Court. It is now the finding of this Court from the evidence presented to it that there is a substantial likelihood that the Defendant, if released on bond, is likely to commit another offense. Therefore, bond is denied pending appeal. You're remanded to the custody of the sheriff to obey the order of this Court.
"MR. MOBLEY [Appellant's Counsel]: Judge, we'd ask for findings of fact from the Court with respect to that finding of serious likelihood. There is no evidence in the record of this, and we'd like the Court to explain that to us.
"THE COURT: The Court will on the record at this time make the finding based upon the evidence that he committed an offense after being granted probation, that he is likely to commit another one, and I am satisfied that's enough to hold him. And he is remanded to

the custody of the Sheriff, and that's my order. We are in recess."

2. In his brief, appellant broadened the question by arguing that "the trial court abused its discretion in denying appellant an appeal bond after revocation of his probation." We did not accept review on this issue, which includes the assertion that the trial court lacked sufficient evidence to support his finding. We decline to review this broader question and restrict our review to the original question involving due process.

We can find nothing in Article 44.04(c) which requires that a trial court give notice or hold a hearing prior to denying bail pending appeal. Therefore, appellant correctly relies upon the constitutional requirements of due process in seeking relief.

3. Authority for this test is based largely on the Supreme Court's recent analysis in Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); see also, Ingraham v. Wright, 430 U.S. 651, 672, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977). Cleveland involved the denial of due process in the context of a property right; however, the Court acknowledged that the analytical framework is identical for claims involving life or liberty. Supra 105 S.Ct. at 1491 n. 3 and 1493. See also, Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2079, 48 L.Ed.2d 684 (1976).

ant has not been convicted of an offense listed under Section 4.012(b), Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes). Article 44.04(b), V.A.C.C.P.

Appellant's sentence in the instant case does not exceed 15 years confinement. His conviction also did not involve an offense under Section 4.012(b) of the Texas Controlled Substances Act. Under these circumstances, appellant was eligible for consideration by the trial court of bail pending appeal.

Because appellant was eligible for bail pending appeal, he was then faced with the opportunity to retain his liberty pending his appeal or lose same through denial of bail.[4] The deprivation in the instant case being the denial of bail, there is implicated an interest in liberty on the part of appellant that requires application of the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. XIV.

## II. *How Much Due Process is Required Before the Trial Court May Deny Bail Pending Appeal?*

Having determined that due process is implicated in a trial court's decision to deny bail, "the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). We now proceed to determine the due process required where bail is to be denied.

In examining the meaning of due process, once a state has made provision for bail pending appeal, the federal courts have stated: "the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." *Finetti*, supra at 599; *Brown v. Wilmot*, 572 F.2d 404 (2d Cir.1978); *Ballard*, supra. However, this does not clarify what due process would have to be supplied before a decision to deny bail would not be arbitrary or unreasonable. To determine the quantum of due process required, we must look to the basic ingredients of due process itself.

In *Cleveland*, supra 105 S.Ct. at 1493, the Supreme Court reviewed the historical meaning of due process:

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.' [citations omitted] We have described 'the root requirement of the Due Process Clause as being 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant [life, liberty, or] property interest.' " [citations omitted, emphasis in original]

There is recent sentiment in our case law that a trial court, to avoid a denial of due process, should afford a defendant seeking bond pending appeal with notice and hearing. In *Ex parte Jackson*, 602 S.W.2d 535, 537 (Tex.Cr.App.1980), we referred to the need for a hearing prior to a decision involving bail pending appeal as "one of the rudimentary constituents of due process and due course of law." See also *Ex parte Williams*, 630 S.W.2d 803, 804 (Tex.App.—San Antonio 1982), PDR refused.

The State argues that notice and hearing, while arguably necessary to meet due process requirements, in an abstract sense need not be provided prior to a denial of bail pending appeal. It argues that there are extant several post-deprivation forums through which a defendant can obtain a hearing on bail pending appeal. *Ex parte Borgen*, 646 S.W.2d 450 (Tex.Cr.App.1983).

While it is true that appellant has post-deprivation remedies available, they do not necessarily satisfy due process requirements. The Supreme Court has identified three competing interests that should be balanced in deciding whether a hearing must be held prior to the deprivation of a due process interest:

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of

---

**4.** Bail may be denied by the trial court "if there exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail." Art. 44.04(c), V.A.C.C.P.

such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903 [47 L.Ed.2d 18] (1976). See also, *Cleveland,* supra 105 S.Ct. at 1494.

We now balance those competing interests. First, a defendant's private interest in retaining liberty while his appeal is pending cannot be dismissed as insignificant. The opportunity to remain at liberty pending appeal is a "substantial right." *Williams,* supra at 804. The importance of liberty to a defendant who is seeking review of a conviction is no less important than the liberty he enjoys before trial. Therefore, we accord great weight to defendant's private interest in retaining liberty while his appeal is pending.

Secondly, the risk of an erroneous decision is far greater where the trial court has not been presented with information from the defendant concerning bail pending appeal. As the Court in *Williams,* supra, noted, "the substantial right to bail on appeal would be rendered meaningless if the trial court could avoid review of his action by denying a forum to the requesting defendant." Recognizing that a trial court could receive evidence from the defendant through a hearing on a writ of habeas corpus, after confinement, we nevertheless believe the likelihood of a trial court granting such a hearing to be nil.

Thirdly, the trial court's burden in providing a hearing before a decision is made to deny bail pending appeal is minimal at best. Moreover, where a hearing at the initial decision-making stage would be just as convenient, if not more efficient, the defendant's subsequent unnecessary confinement becomes a compelling consideration.

The majority of this Court's prior cases indicate that most trial courts already conduct an informal hearing prior to making decisions involving bail pending appeal. Many of those hearings occur immediately after the trial or revocation hearing. In those instances, much of the necessary testimony is already in the record and additional witnesses will ordinarily be present to testify.

In weighing these competing interests, we find that the incremental burden placed on the trial court of providing a hearing *prior* [5] to a decision on bail pending appeal does not outweigh a defendant's private interest in liberty, and provides a stronger safeguard against arbitrary or unreasonable action. Therefore, we hold that due process requires that the trial court give notice and hold a hearing prior to the denial of bail pending appeal.

The nature of the hearing prior to denial of bond pending appeal does not require a full adversarial proceeding extant in a criminal trial. As the Supreme Court has indicated, "[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Cleveland,* supra 105 S.Ct. at 1495, quoting *Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). What is required is that the trial court provide the defendant with reasonable notice that it intends to deny bail pending appeal and allow the defendant a meaningful opportunity to be heard.

In the instant case, appellant requested that the trial court set bail pending appeal. At that point, appellant had no knowledge that the trial court was considering denying bail pursuant to Article 44.04(c), V.A.C. C.P. The State had not sought the denial

---

**5.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

of bail and the trial court gave no indication of same. Appellant, therefore, did not receive reasonable notice that the trial court intended to deny bail pending appeal.

Following appellant's request for bail, the trial court summarily denied bail without granting appellant the opportunity to meaningfully respond. Appellant was denied the opportunity to present mitigating evidence or even to present argument *before* the trial court denied bail. We find that appellant was deprived of a meaningful opportunity to be heard before a decision was made to deny him bail. This arbitrary action deprived appellant of the due process required under the Fourteenth Amendment.[6]

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for action not inconsistent with this opinion.

CAMPBELL, Judge

CLINTON, Judge, dissenting.

Since the issue of bail is moot, the majority would merely dismiss the petition for discretionary review "without comment on the correctness of the decision of the Court of Appeals." The State Prosecuting Attorney prays "that this cause be dismissed without any reference to its merits." If the State means the "whole [bail] proceeding" it is right; otherwise, to grant its prayer would leave in effect the judgment of the court of appeals; to dismiss only the petition "would have the effect of affirming the judgment of the lower court without considering any [grounds for review]," *Texas Foundries v. International Moulders & Foundry Workers Union,* 151 Tex. 239, 248 S.W.2d 460, 461 (1952).

The correct rule is that when a cause becomes moot on appeal the appellate court must set aside all previous orders and judgments and dismiss the entire cause, not just the appeal. *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985); *Texas Foundries v. International Moulders & Foundry Workers Union,* supra; *Freeman v. Burrows,* 141 Tex. 318, 171 S.W.2d 863 (1943); *International Association of Machinists v. Federated Association of Accessory Workers,* 133 Tex. 624, 130 S.W.2d 282 (1939).

Because by not dismissing the entire bail proceeding the Court leaves intact an erroneous decision of the court of appeals, I respectfully dissent.

does not depend on a demonstration of certain success." *Cleveland,* supra 105 S.Ct. at 1494, quoting *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978).

---

**6.** The State argues in its brief that the trial court had substantial evidence upon which it could base its decision to deny bail. While we make no finding on the validity of this claim, see n. 2, supra, we do note that "the right to a hearing