

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00151-CR

EX PARTE OMAR BASHIR
MOHAMMED

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1359991D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Omar Bashir Mohammed perfected this appeal from the trial court's denial of his motion requesting bond pending appeal.  *See* Tex. Code Crim. Proc. Ann. art. 44.04(g) (West 2006); Tex. R. App. P. 31.1.  In a single point, Appellant argues that the trial court abused its discretion by refusing to set a hearing on his motion requesting bond pending the appeal and by summarily

---

[1]*See* Tex. R. App. P. 47.4.

denying it. Because we hold that the trial court abused its discretion by failing to conduct a hearing, we will reverse and remand.

In the underlying case, a jury found Appellant guilty of the felony offenses of aggravated assault with a deadly weapon, to wit: an automobile; aggravated assault causing serious bodily injury; recklessly causing bodily injury to an elderly person; and failing to stop, return to, or remain at the scene of an accident involving personal injury or death. The jury assessed Appellant's punishment on each of the first three counts at six years' confinement and recommended that the sentences be suspended and that he be placed on community supervision for six years; the jury assessed Appellant's punishment on count four at five years' confinement. The trial court sentenced Appellant in accordance with the jury's recommendations. Appellant thereafter filed a motion requesting that a bond be set pending appeal of his four felony convictions, and the trial court denied the motion.

We review a trial court's ruling on a request for bond pending appeal under an abuse-of-discretion standard. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). A defendant is eligible for release on bond pending the appeal of a felony conviction when the punishment imposed is less than ten years' confinement and when the conviction does not involve an offense listed under section 3g(a)(1) of Texas Code of Criminal Procedure article 42.12. *See* Tex. Code Crim. Proc. Ann. art. 44.04(b); *see also Shockley v. State*, 717 S.W.2d 922, 925 (Tex. Crim. App. 1986) (Miller, J., concurring) (stating that when

2

appellant's sentence does not exceed the maximum allowed by article 44.04(b) and when appellant's conviction does not involve a controlled substance, appellant is eligible for consideration by the trial court of bond pending appeal); *see also Lebo v. State*, 90 S.W.3d 324, 330 (Tex. Crim. App. 2002) (holding felon placed on ten years' community supervision or less to seek statutorily eligible for bond pending appeal under 44.04). Although no language exists in article 44.04 requiring a trial court to give notice or to hold a hearing prior to denying bond pending appeal, the Texas Court of Criminal Appeals has held that due process imposes such a requirement when an appellant is statutorily eligible for bond pending appeal; the trial court must give reasonable notice and hold a hearing, providing such an appellant a meaningful opportunity to be heard prior to denying bond pending appeal. *See Shockley*, 717 S.W.2d at 923, 924 n.2, 926; *Cortez v. State*, 36 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Cruz v. State*, No. 09-96-00006-CR, 1997 WL 34390, at *2–3 (Tex. App.—Beaumont Jan. 29, 1997, no pet.) (not designated for publication).

Here, Appellant filed a motion requesting that a bond be set pending his appeal of his four felony convictions for which he was sentenced on each of the first three counts to six years' confinement, which was suspended and for which he was placed on community supervision for six years, and to five years' confinement on the fourth count. Because Appellant was sentenced to less than ten years' confinement or to less than ten years' community supervision on each of his four felony convictions and because his four felony convictions did not

3

involve an offense listed under section 3g(a)(1) of Texas Code of Criminal Procedure article 42.12, he was statutorily eligible for a bond pending appeal under article 44.04 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 44.04(b);[2] *see also Shockley*, 717 S.W.2d at 925. Because Appellant was statutorily eligible for bond pending appeal, due process required that the trial court give reasonable notice and hold a hearing. The record reflects that a hearing was not held on Appellant's motion. We therefore hold that the trial court abused its discretion by failing to conduct a hearing on Appellant's motion requesting bond pending appeal. *Shockley*, 717 S.W.2d at 923, 926; *Cruz*, 1997 WL 34390, at *3. We expressly limit our holding to a determination that the trial court abused its discretion by failing to conduct a hearing. We need not, and do not, address Appellant's contention that the trial court abused its discretion by denying bond pending appeal.[3]

Accordingly, we sustain Appellant's sole point to the extent that a hearing was not held on Appellant's motion requesting bond pending appeal, we reverse

---

[2]All four convictions contain deadly-weapon findings and consequently are commonly termed "3g offenses" under article 42.12, section 3g(a)(2), indicating that a deadly weapon was used or exhibited during the commission of the felony offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2014). But article 44.04(b) precludes bond pending appeal only for specific offenses listed under article 42.12, section 3g(a)(1)—the offenses of murder, capital murder, indecency with a child, aggravated kidnapping, aggravated sexual assault, and others. *Id.* art. 42.12, § 3g(a)(1), art. 44.04(b).

[3]After a hearing, the trial court may exercise its discretion to set or to not set bond pending appeal.

the trial court's order denying Appellant's request for bond pending appeal, and we remand for the trial court to conduct a hearing on Appellant's motion requesting bond pending appeal.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2015