In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00414-CR**
**NO. 09-18-00424-CR**
_____

**DANIEL ALAN BUSH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-06-06667**

**MEMORANDUM OPINION**

In cause number 09-18-00414-CR, Appellant Daniel Alan Bush challenges the trial court's revocation of his community supervision and imposition of a prison sentence. In cause number 09-18-00424-CR, Bush challenges the alleged lack of notice and a hearing on bail pending his appeal. We affirm in both causes.

1

Procedural Background

In August 2017, a grand jury indicted Bush for assault bodily injury on a family member—his wife. *See* Tex. Penal Code Ann. § 22.01(b) (West 2019).[1] Bush pleaded guilty, and the trial court assessed punishment at ten years' confinement, suspended the sentence, and placed Bush on community supervision for five years. The court's judgment ordered that Bush have no "offensive or threatening contact" with his wife.

In March 2018, the State filed a motion to revoke Bush's community supervision, alleging Bush violated four conditions of his community supervision, including an allegation that Bush had offensive contact with his wife. Bush signed a stipulation of evidence, in which he agreed that all four alleged violations were true and correct and were violations of the conditions of his community supervision. Later, the State filed a motion to withdraw the motion to revoke, which the trial court granted, after which a joint motion to amend the conditions of community supervision was filed and granted.

In October 2018, the State filed another motion to revoke community supervision, alleging that Bush violated five conditions of his community supervision, including an allegation that Bush had offensive contact with his wife.

---

[1] We cite the current statutes as later amendments do not affect our disposition.

At a hearing on sentencing, Bush pleaded "true" to four of the alleged violations. Deputy Jones testified that there was a protective order in place under which Bush was not permitted to be within 200 yards of his wife's residence, and that when the Deputy showed up at Bush's wife's residence, Bush was inside the house. According to the Deputy, Bush told him that Bush knew he was not supposed to be at his wife's property and "he knew that he had messed up." Bush testified that he was at his wife's property because he had received a call that his wife was injured and needed help watching the couple's daughter. He also testified that he thought that the protective order was going to be dissolved within a few days. Bush again asked to be placed back on community supervision. On cross-examination, Bush agreed he had received a copy of the protective order, which was admitted into evidence.

The trial court revoked Bush's community supervision and imposed a sentence of three years' imprisonment. Bush appealed from the order revoking his community supervision. Bush filed a motion for bail pending appeal, which the trial court denied, and Bush also appeals from the order denying his motion for bail pending appeal.

Revocation of Community Supervision

In cause number 09-18-00414-CR, Bush argues that the trial court abused its discretion by revoking his community supervision because lesser sanctions were

3

available. Bush argues the violations of the conditions of community supervision that the State alleged included his failure to pay certain monetary fees and assessments and there was never an inquiry about whether he was able to pay those fees and assessments, either at the time they were imposed or thereafter. Citing *Chacon v. State*, 558 S.W.2d 874, 875 (Tex. Crim. App. 1977), Bush argues that although a trial court has discretion over the imposition of conditions of community supervision, the conditions must be reasonable under the circumstances. According to Bush, imposing fees on a probationer who is unable to pay can become an unreasonable burden.

We review a trial court's order revoking community supervision for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). To prevail in a revocation hearing, the State must establish, by a preponderance of the evidence, that the defendant violated at least one term or condition of the community supervision order. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (noting that one violation is sufficient to affirm a trial court's decision revoking an order placing a defendant on community supervision). In general, "[a] plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt." *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015)

4

(citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)). Generally, establishing that a defendant violated a single condition of a community supervision order allows an appellate court to affirm the trial court's ruling revoking the order used to place a defendant on community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (stating that "proof of a single violation will support revocation").

Bush has not cited any legal authority for his argument that it is an abuse of discretion for a trial court to revoke community supervision when lesser sanctions are available. *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to cite applicable legal authority). Nor does the record show that Bush objected to any conditions of community supervision when they were imposed. Failure to timely object to the terms of community supervision waives error on appeal. *See Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003); *Speth v. State*, 6 S.W.3d 530, 534 & n.10 (Tex. Crim. App. 1999); *Milum v. State*, 482 S.W.3d 261, 263 (Tex. App.—Houston [1st Dist.] 2015, no pet.).[2] Furthermore, under the Code of Criminal

---

[2] We do not read Bush's brief to argue any exception to the requirement to make a timely objection. Bush does not argue that he did not know of any of the terms of his community supervision at the time they were imposed or that any condition is one "that the criminal justice system finds to be intolerable[.]" *See Gutierrez-Rodrigues v. State*, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014); *Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003). Bush also does not argue that

Procedure, the State needs to prove the defendant's ability to pay only when the failure to pay is the only basis for revocation. *See* Tex. Code Crim. Proc. Ann. art. 42A.751(i) (West 2018).

Bush pleaded "true" to four of the alleged violations of the conditions of his community supervision, and the trial court found all four allegations to be "true." Because a plea of "true" to any one violation will support revocation of community supervision, on this record, revocation was within the trial court's discretion. *See Tapia*, 462 S.W.3d at 31; *Garcia*, 387 S.W.3d at 26. We overrule Bush's issue in cause number 09-18-00414-CR and affirm the trial court's order.

Bail Pending Appeal

In cause number 09-18-00424-CR, Bush argues that the trial court abused its discretion by failing to accord him notice and a hearing on the motion for bail pending appeal. According to Bush, "[t]he trial court, without conducting a hearing, summarily denied the request for bail pending appeal[.]" Citing *Shockley v. State*, 717 S.W.2d 922, 926 (Tex. Crim. App. 1986), Bush argues that he was denied constitutional due process for lack of notice and a hearing.

---

he was not given an opportunity to object to any modification of the conditions of community supervision. *See Rickels*, 108 S.W.3d at 902.

The record in this cause includes a reporter's record for an "Appeal Bond Hearing" which was held on November 1, 2018. In the hearing, the following exchange occurred:

> THE COURT: This is Cause No. -- hold on; why am I not finding it -- 17-06-06667, State versus Daniel Bush. And this is a case where last Friday we had a motion to revoke his probation and he was sentenced I believe to three years.
>     And the State and the Defendant's attorney are both present. What says the Defendant's attorney? What is going on?
>
> [Defense counsel]: There is a motion for an appeal bond.
>
> THE COURT: Okay. And he has asked for an appeal bond. I am going to deny that motion. And I don't think he is entitled to a bond. I think I could set one if it is less than ten years, but at this time I am not inclined to do so.
>     Is there anything else you want to put on the record?
>
> [Defense counsel]: No, ma'am.
>
> THE COURT: All right. Thank you.

We review a trial court's decision on bail pending appeal for an abuse of discretion. *See Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). Bush cites to *Shockley v. State* for his assertion that due process requires notice and a hearing on a defendant's motion for bail pending appeal; however, the portion of *Shockley* to which Bush cites is an appendix to a concurring opinion. *See Shockley*, 717 S.W.2d at 923-27. The appendix is the withdrawn opinion in *Hunter v. State*, No. 770-85, 1985 Tex. Crim. App. LEXIS 1726 (Tex. Crim. App. 1985) (delivered

7

Oct. 23, 1985, dismissed on State's Motion for Rehearing in an unpublished opinion delivered on May 7, 1986). In addition, we note that the disposition in *Shockley* was a dismissal for mootness and not a decision on the merits. *Id.* at 923. That said, on the record before us we conclude that Bush received both. The record includes the reporter's record from the "Appeal Bond Hearing[,]" and Bush's attorney was present and declined to put forth evidence or additional argument. The record of the hearing includes no objection from defense counsel about a lack of notice or any request for a continuance. *See Smith v. State*, 993 S.W.2d 408, 415 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (concluding that the defendant "waived his due process contention by actively participating in the hearing without a single objection" and without requesting a continuance).

To the extent Bush intended to challenge the trial court's denial of bail on the merits, we conclude that the issue is inadequately briefed, and we decline to address it. *See* Tex. R. App. P. 38.1(f), (i); *Bohannan v. State*, 546 S.W.3d 166, 180 (Tex. Crim. App. 2017); *see also* Tex. Code Crim. Proc. Ann. art. 44.04 (West 2018) (outlining the requirements for "Bond Pending Appeal"). We overrule Bush's issue in cause number 09-18-00424-CR and affirm the trial court's order.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on February 28, 2019
Opinion Delivered June 26, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.