**Opinion filed July 11, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00096-CR
_____

## EX PARTE FELIX ARGUIJO JR.

**On Appeal from the 39th District Court**
**Haskell County, Texas**
**Trial Court Cause No. 6938**

### M E M O R A N D U M   O P I N I O N

Appellant, Felix Arguijo Jr., filed a pro se notice of appeal from an order denying his motion for an appeal bond, motion for a bench warrant, and motion for transfer to county jail.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c), (g) (West 2018); *see also* TEX. R. APP. P. 31.  In two issues, Appellant contends that the trial court erred when it denied Appellant's motion for an appeal bond without showing just cause and when it denied Appellant's request to be returned to the county jail. We vacate a portion of the trial court's order, and we remand the cause to the trial court.

---

[1]We note that Appellant's underlying appeal is currently pending in this court in Cause No. 11-18-00194-CR.

In the underlying cause, Appellant was originally convicted of the state jail felony offense of possession of a controlled substance and was placed on community supervision. On July 12, 2018, the trial court revoked Appellant's community supervision and sentenced him to confinement for eighteen months in the State Jail Division of the Texas Department of Criminal Justice. More than seven months after filing a notice of appeal from the judgment revoking his community supervision, Appellant filed three pro se motions in the trial court: a motion for appeal bond, a motion for a bench warrant, and a motion to transfer Appellant back to the county jail pending final disposition of his appeal. The trial court denied Appellant's motions without conducting a hearing, and Appellant filed this appeal.

On appeal, Appellant presents two issues. In his first issue, Appellant contends that no good cause was shown to deny Appellant his right to an appeal bond. He also asserts in his first issue that he had a right to a hearing and that the trial court violated his right to due process when it denied his request for an appeal bond without conducting a hearing on the matter.

We review a determination made by the trial court under Article 44.04 for an abuse of discretion. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). Under that standard, we will not disturb a trial court's decision as long as it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Article 44.04 of the Code of Criminal Procedure contains provisions relating to appeal bonds. *See* CRIM. PROC. art. 44.04. Under that statute, Appellant was eligible to have the trial court consider him for bail pending appeal. *See id.* art. 44.04(b), (c).

Appellant, however, had already been transferred to TDCJ at the time he filed his motion for an appeal bond. In this regard, the Code of Criminal Procedure provides as follows:

> If a defendant is convicted of a felony, is eligible for release on bail pending appeal under Article 44.04(b), and gives notice of appeal, he *shall be transferred* to the Texas Department of Criminal Justice on a commitment pending a mandate from the Court of Appeals or the Court of Criminal Appeals *upon request in open court or upon written request to the sentencing court. Upon a valid transfer to the department under this section, the defendant may not thereafter be released on bail pending his appeal.*

*Id.* art. 42.09, § 4 (emphasis added). The State suggests that Appellant was validly transferred to TDCJ and that, therefore, the trial court properly denied Appellant's motion without conducting a hearing on the motion. *See id.* (which we quoted above). However, there is nothing in the record in this cause to suggest that Appellant requested—either in open court or in a written request to the trial court— to be transferred to TDCJ. Nor, for that matter, is there anything in the record in the underlying appeal (Cause No. 11-18-00194-CR) to indicate that Appellant requested, or even consented to, a transfer to TDCJ.

The Court of Criminal Appeals has indicated that a petitioner in Appellant's situation has a "due process right to a hearing on his motion for appeal bond." *Ex parte Jackson*, 602 S.W.2d 535, 537 (Tex. Crim. App. 1980); *see Cappiello v. State*, No. 06-17-00124-CR, 2017 WL 3568109, at *1–2 (Tex. App.—Texarkana Aug. 18, 2017, no pet.) (mem. op., not designated for publication). Here, Appellant did not have a hearing on his motion for appeal bond. Because nothing in the record shows that Appellant's transfer to TDCJ was a transfer made pursuant to Article 42.09, section 4, and because the trial court did not conduct a hearing on Appellant's motion for appeal bond, we conclude that the trial court abused its discretion when it denied

Appellant's motion for an appeal bond without conducting a hearing on the motion. Appellant's first issue is sustained in part.

However, by this opinion, we are expressing no opinion as to the merits of Appellant's request for bail. This opinion should not be construed to imply that Appellant should be granted or denied bail. We further note that the hearing can be conducted by phone and that Appellant does not have to appear in person in Haskell County, Texas.

In his second issue on appeal, Appellant contends that he has the right to be returned to county jail pending the outcome of his appeal in Cause No. 11-18-00194-CR. However, we do not have jurisdiction in this appeal to address the matter raised in Appellant's second issue, nor do we have jurisdiction to issue a writ of habeas corpus to have Appellant returned to the county jail as he requests. *See Ex parte Teer*, No. 11-15-00279-CR, 2016 WL 555958, at *1 (Tex. App.—Eastland Feb. 11, 2016, no pet.) (mem. op., not designated for publication).

We vacate the trial court's order insofar as it denied Appellant's motion for an appeal bond, and we remand the cause to the trial court to reconsider that motion.


KEITH STRETCHER
JUSTICE


July 11, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.