**Robert VALLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 08–85–00098–CR to 08–85–00101.**

Court of Appeals of Texas, El Paso.

April 24, 1985.

Discretionary Review Denied May 29, 1985.

Joseph A. Calamia, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

PER CURIAM.

Appellant pled guilty on December 28, 1984, to four indictments alleging official misconduct under Tex.Penal Code Ann. sec. 39.01(a)(2). Adjudication of guilt was deferred and Appellant was placed on four years adult probation. An original condition of probation prohibited Appellant's consumption of alcohol. On January 15, 1985, the conditions were modified, deleting the alcohol consumption prohibition. On March 7, 1985, Appellant was arrested for driving while intoxicated. The State moved to revoke probation on March 11. On March 14, Appellant's prerevocation bail was set at $15,000.00. On March 28 and 29, the revocation hearing was conducted. The court found Appellant to have violated a condition of his probation by committing another offense, driving while intoxicated. Guilt was adjudicated and punishment assessed at four years imprisonment under each indictment. The transcript of that hearing is not before us, but the parties have filed an agreement that for purposes of reviewing the appellate bail denial this Court may assume that sufficient evidence was introduced to support the driving while intoxicated finding.

Appellant then gave notice of appeal, not from the revocation but from the initial plea, and asked that appellate bail be set under Tex.Code Crim.Pro.Ann. art. 44.04(c) (Vernon Supp.1985). A hearing was held on April 9 and bail was denied. This is an appeal from denial of bail under Article 44.04(g).

At the hearing, the State urged denial of bail on two grounds: (1) that Appellant has no right to appeal under Tex.Code Crim.Pro.Ann. art. 42.12, sec. 3d(b) (Vernon 1979) and (2) there was sufficient evidence for the court to find good cause to believe Appellant would commit further offenses if released on bail. Tex. Code Crim.Pro.Ann. art. 44.04(c) (Vernon Supp.1985). The court apparently accepted both arguments. The question is, did the court actually deny bail on both grounds. The order simply reflects a denial. Findings of Fact and Conclusions of Law were filed on April 18, stating:

This Court further finds that no bond should be placed on the defendant, Rob-

ert Valles, as it is the understanding of this court under section 42.12 3 d of the Texas Penal Code that a person who is sentenced under deferred adjudication and whose probation is revoked at a later date by the Court due to a violation of probation by the probationer, that there is no appeal from that order and that the defendant should be placed forthwith in the Texas Department of Corrections to serve the sentence set out by the Court

. . . .

This is clearly an erroneous reading of Article 42.12, sec. 3d(b). It is true, and conceded by Appellant, that no appeal may challenge the revocation proceeding and the decision to adjudicate guilt. Subsection (b) concludes, however:

> *After an adjudication of guilt,* all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, *and defendant's appeal* continue as if the adjudication of guilt had not been deferred [emphasis added].

Thus an appeal does lie following a revocation of deferred adjudication probation, not from the revocation but from the initial plea itself. In fact, such an appeal cannot be taken until an adjudication of guilt occurs. Such an appeal is the same as any other appeal from a guilty plea, and while certainly limited in scope, is nonetheless an appeal entitling the defendant to invoke the provisions of Article 44.04.

■ Under Article 44.04(c), the trial court may still deny bail if shown good cause to believe the Appellant is likely to commit another offense if released. The real question is whether this was a basis for the court's denial of bail. Reading the court's comments at the bail hearing and the Findings of Fact and Conclusions of Law, it would seem that the court relied only on the erroneous basis of no right to appeal and simply gave an advisory opinion as to the second theory of denial.

> [E]ven if, the appellate Court decides that the defendant is entitled to an appeal bond; the trial Court *would* refuse bond under Act 44.04(b) CCP. That it

appears the defendant is likely to commit another offense while on bail [emphasis added].

(Findings of Fact and Conclusions of Law, p. 2) (Note: the reference to 44.04(b) is clearly inapplicable to this case as it relates solely to convictions for certain drug offenses or where the punishment exceeds fifteen years imprisonment). The question is *did* he or *would* he deny bail on this basis. The question is similar to interpreting an intermediate appellate court's comments on a ground of error not actually reached because of the outcome of some other appellate issue.

Reading the trial court's comments in the statements of facts and its Findings of Fact and Conclusions of Law, we do not find that it based its decision on the criteria set out in Article 44.04(c), but solely upon an erroneous understanding of the appeal of the official misconduct convictions. The concluding paragraph of the Findings of Fact and Conclusions of Law can only be reasonably read as a prospective comment by the trial court as to the *probable* outcome of its decision if required to act under Article 44.04(c). We express no opinion as to the sufficiency of the evidence that Appellant is likely to commit further offenses if released on bail. The order must be reversed and the cause remanded to allow the trial court to first exercise its discretion under the proper statute. Under Article 44.04, denial of bail may still be a viable outcome within the court's discretion as supported by the evidence. *Ex parte Byers*, 612 S.W.2d 534, 537 (Tex.Crim.App. 1980).

■ Appellant has asked this Court to set bail itself. Under Article 44.11, once the record has been filed in this Court, jurisdiction passes from the trial court "except as to bond as provided in Article 44.-04." The initial setting of bail is the duty of the trial court, subject to review by appeal under Article 44.04(g). *Byers* at 537. The lower court has made no such determination, and this Court declines to set an original amount of bail. Appellant's ground of error is otherwise sustained.

The order of the trial court denying bail is reversed and the cause is remanded for consideration of bail under Article 44.04(c).