AVIS RENT A CAR SYSTEM, INC.
and Avis, Inc., Appellants,

v.

The ADVERTISING AND POLICY COMMITTEE OF The AVIS RENT A CAR SYSTEM, et al., Appellees.

No. 01–88–00266–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 1988.

J.R. Wallingford, Robert S. Harrell, Fulbright & Jaworski, Houston, for appellants.

John B. Holstead, Vinson & Elkins, Houston, for appellees.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## ORDER

PER CURIAM.

The appellants, Avis Rent a Car System, Inc. and Avis, Inc. ("Avis"), have filed a motion to transfer this appeal to the Fourteenth Court of Appeals. The motion is granted.

This appeal is the third proceeding heard by an appellate court in this case. On January 31, 1985, the Fourteenth Court of Appeals issued an opinion affirming the trial court's granting of a temporary injunction. About three years later, on January 29, 1988, the Fourteenth Court of Appeals granted a motion for leave to file writ of mandamus in which Avis asked the Court to order the trial judge to enter a severance or to vacate or stay the trial court's injunction. The mandamus proceeding was ultimately dismissed as moot. The case is now before this Court on appeal from the trial on the merits.

The First and Fourteenth Courts of Appeals have concurrent geographical jurisdiction. Tex.Gov't Code sec. 22.201(b), (o) (Vernon Pamp.1988). To avoid the opportunity for "forum shopping," cases are assigned to either court by lot. In this assignment procedure, the trial clerk writes the numbers of the two courts on identical slips of paper and place the slips in a container. When a notice of appeal or appeal bond is filed, the trial clerk draws a number out of the container at random, in a public place, and assigns the case and any companion cases to the court of appeals for the corresponding number drawn. Tex.Gov't Code sec. 22.202(h). *See also* Tex. App.—Houston [1st Dist.] Loc.R. 1:40(a). An original proceeding may be filed in either the First or Fourteenth Court of Appeals, unless a related appeal or original proceeding has previously been filed in one of the two courts. In that instance, the proceeding must be filed in the court hearing the related matter. Tex.App.—Houston [1st Dist.] Loc.R. 1:121.

After an appeal has been assigned through the drawing process, it remains in the court to which it was assigned through all later proceedings. Thus, if an interlocutory appeal has been assigned by the lot process to one of the two courts, then any subsequent appeal in the case must be directed to that court. But unlike an appeal, the filing of an original proceeding does not determine the court in which all subsequent proceedings will be considered because that procedure would lend itself to forum shopping.

In this case, a drawing was made, and the appeal from the temporary injunction was assigned to the Fourteenth Court of Appeals. Accordingly, this subsequent appeal properly should be heard by the Fourteenth Court of Appeals.

It is therefore ordered that Avis' motion to transfer is granted, and the case ordered transferred to the Fourteenth Court of Appeals.