**Carlos Valentine CAMPOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00695–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 31, 1991.

Discretionary Review Refused
Jan. 8, 1992.

Tom Zakes, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment on appellant's application for writ of habeas corpus. The trial court denied appellant's petition for writ of habeas corpus which requested setting a bail bond pending his appeal of a misdemeanor assault conviction in which he received nine months in the Harris County jail. We will reverse and order the trial court to set bail for appellant pending the appeal of his misdemeanor assault conviction in Cause No. 601,815.

Appellant filed his application for writ of habeas corpus on July 23, 1991, a hearing was held on July 30, 1991, and the court denied relief on the same day. The docket sheet reveals that on July 30, 1991, a hearing was held and evidence heard by the court from both sides. There was also filed with the court a copy of the transcript from the motion for new trial hearing held on July 17, 1991, on the assault conviction in Cause No. 601,815.

Appellant was charged by information with the felony offense of kidnapping in Cause No. 601,815. This offense allegedly occurred on June 21, 1991. The State, on June 24, 1991, reduced the charge to misdemeanor assault and entered into a plea bargain agreement with appellant. Appellant waived indictment and plead guilty on June 24, 1991, and the court assessed punishment at nine months in the Harris County jail, pursuant to the plea bargain agreement with the State. On July 5, 1991, appellant filed a motion for new trial alleging ineffective assistance of his court-appointed trial counsel. On July 17, 1991, a hearing was held on the motion for new trial and the court denied the motion. Appellant then gave timely notice of appeal on July 17, 1991. The trial court then entered the following order:

Cause No. 601,815

In the 228th District Court of Harris County, Texas. May term, A.D. 1991

THE STATE OF TEXAS

VS.

CARLOS V. CAMPOS

On this the 17th day of July A.D., 1991, came on to be heard the said motion of the defendant, to wit: written notice of appeal.

It·is the opinion of the Court that the said motion having been filed and presented to the court should be in all things, DENIED.

It is therefore, considered, ordered, and adjudged by the court that the said mo-

tion of the defendant be in all things, DENIED, due to the case being an agreed plea of guilty.

Signed and entered this 17th day of July, A.D. 1991.

/s/ Ted Poe, Judge

228th District Court

Harris County, Texas

The transcript of the motion for new trial hearing of the assault case, No. 601,815, reveals that after the court denied the motion for new trial appellant asked that an appeal bond be set by the court. To this request the court made the following statement: "Request for appeal is denied. This is an agreed plea bargain. Court will not allow an appeal in this case."

Since the trial court refused appellant's right to give notice of appeal, it did not set an appeal bond. Thereafter, on July 23, 1991, appellant filed an application for writ of habeas corpus, asking the court to set a reasonable bail pending the appeal of his misdemeanor assault conviction. On July 30, 1991, a hearing on the writ of habeas corpus was held and relief was denied. Appellant filed his notice of appeal on August 1, 1991.

On August 13, 1991, appellant filed a supplemental notice of appeal in Cause No. 601,815, which was timely. TEX.R.APP.P. 41b(1). The trial court again filed a written order, dated August 14, 1991, denying appellant's supplemental notice of appeal because the plea was to an agreed plea bargain with the State.

■ In his sole point of error appellant asserts that the trial court erred in denying his request to set bail on appeal in Cause No. 601,815, the misdemeanor assault case.

It is evident from the record that the trial court refused to set bail on appeal because the judge was under a mistaken belief that he could deny appellant's right to appeal his conviction.

■ Once a notice of appeal has been filed in a case, the court of appeals has obtained jurisdiction over that cause. Art. V., § 6 of the Texas Constitution and arti-cle 4.03 TEX.CODE CRIM.PROC.ANN. (Vernon Supp.1991), confer jurisdiction of all non-death penalty cases on the courts of appeals. Article 44.02 of the Texas Code of Criminal Procedure states that a defendant in any criminal action has the right of appeal under the rules prescribed. TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). This part of 44.02 has not been repealed by Texas Rule of Appellate Procedure 40(b)(1). *Lemmons v. State,* 818 S.W.2d 58, 62 (Tex.Crim.App.1991); *See Jones v. State,* 796 S.W.2d 183, 186 (Tex. Crim.App.1990) (en banc).

TEX.R.APP.P. Rule 40(b)(1) sets out that: Appeal is perfected in a criminal case by giving notice of appeal ... Notice of appeals shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but* if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, *in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea* the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the State.

■ Rule 40(b)(1) is a restrictive rule. It regulates the extent of the grounds upon which a defendant can appeal. The method of regulation is the nature of the notice filed by a defendant. If he wishes to appeal a matter which is nonjurisdictional in nature or which occurred prior to the entry of his plea, then he must conform to the requirements of the statute and include within his notice what the grounds of ap-

peal are or the fact that he has received the permission of the trial court to appeal those matters. *Jones v. State, supra* at 186. A similar result was reached in *Morris v. State,* 749 S.W.2d 772 (Tex.Crim.App.1986) where the court reviewed an appeal under former art. 40.02, the precursor to Rule 40(b)(1). Jurisdictional matters can be appealed without restriction.

Rule 40(b)(1) was designed to focus on *"how"* an appeal is perfected rather that to bestow any right of appeal. Coupled with retained statutory provisions granting a right to appeal under prescribed rules "in any criminal action," the thrust of the rule is to instruct that an appeal is perfected by giving written notice to invoke general appellate jurisdiction of the appropriate court of appeals. *Lemmons v. State, supra.*

We, therefore, hold that the trial court had no authority to deny appellant his right to give notice of appeal. If appellant has waived his right to appeal certain matters, it is a matter within the jurisdiction of the Court of Appeals to decide and not within the jurisdiction of the trial court to decide. We also hold that appellant is entitled to a reasonable bail pending the appeal of his misdemeanor assault conviction in Cause No. 601,815. TEX.CODE CRIM.PROC.ANN. art. 44.04(a) (Vernon 1991) provides for a bail bond pending appeal of a misdemeanor conviction.

Art. 44.04(a) states:
Pending the determination of any motion for new trial or the appeal from any misdemeanor conviction, the defendant is entitled to be released on reasonable bail, and if a defendant charged with a misdemeanor is on bail, is convicted, and appeals that conviction, his bond is not discharged until his conviction is final or in the case of an appeal to a court where a trial de novo is held, he files an appeal bond as required by this code for appeal from the conviction.

We cannot fix the amount of bail for appellant pending the appeal of his conviction. That is the duty of the trial court, subject to our review by means of appeal provided by TEX.CODE CRIM.PROC.ANN. art. 44.04(g) (Vernon 1991). Accordingly, we reverse and order the trial court to set bail for appellant pending the appeal of his misdemeanor assault conviction in Cause No. 601,815.