**Gerard Irving FAERMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00112–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1998.

---

David Mendoza, Jr., John Donahue, Houston, for Appellant.

Rikke Graber, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

HUDSON, Justice.

Appellant, Gerard Irving Faerman ("Faerman"), was charged by indictment with possession of less than 28 grams of cocaine. Although Faerman entered a plea of guilty, the trial court deferred a finding of guilt and placed him under the terms and conditions of probation for a period of five years in accordance with the terms of a plea bargain agreement. Two years later, the trial court adjudicated Faerman's guilt for failing to abide by the conditions of probation and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for 12 years and assessed a $500 fine. Faerman raises five points of error regarding the omission of a formal punishment hearing, the denial of an effective appeal, and the trial court's refusal to set an appeal bond. We affirm the judgment of the trial court.

In his first and second points of error, Faerman complains (1) the trial court erred in failing to conduct a punishment hearing before sentencing him to the penitentiary; and (2) his counsel was ineffective when he failed to object to the absence of a punishment hearing. The record reflects that both sides presented evidence at the hearing on the State's motion to adjudicate guilt. After the parties had rested and presented argument, the trial court found the allegations in

the State's motion to be true, adjudicated Faerman's guilt, and immediately assessed punishment. The trial court then inquired whether Faerman had anything to say, and when he had nothing to say, the court remanded him to the custody of the sheriff.

The Court of Criminal Appeals has held that "when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment." *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App.1992).[1] Here, the trial court failed to conduct a "second phase." The State contends that Faerman waived the error by failing to object. However, in *Issa*, the court observed that where there is no opportunity to object, *i.e.*, when the trial court adjudicates guilt and immediately assesses punishment, the error can be preserved by a motion for new trial. *See id.* Here, the trial judge immediately proceeded to assess appellant's punishment after adjudicating his guilt, but he also asked Faerman if he had any response.[2] Moreover, Faerman did not file a motion for new trial. Accordingly, the error, if any, has not been preserved for review.

Faerman also argues, however, that his attorney provided ineffective assistance of counsel by failing to preserve the issue for review. The standard of review is whether, after examining the totality of the representation, appellant received reasonably effective assistance of counsel. *Ex parte Walker*,

794 S.W.2d 36, 37 (Tex.Crim.App.1990). Counsel does not mean errorless counsel, nor does it mean counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Ex parte Duffy*, 607 S.W.2d 507, 514 n. 14 (Tex.Crim.App.1980); *Caraway v. State*, 417 S.W.2d 159, 162 (Tex.Crim.App. 1967).

The record reflects that Faerman's attorney called numerous witnesses at the adjudication hearing who testified that (1) Faerman was previously employed in the installation of laminates using glues and solvents which affected his memory; (2) he is a hard worker; (3) he has an alcohol problem; (4) his alcohol problem will not likely be corrected in the penitentiary; (6) his alcohol addiction could be remedied by attending an alcohol abuse program known as Houston Recovery; (7) he contributes $400 a month to the support of his minor son; and (8) family members would provide employment and supervision for Faerman. Accordingly, it appears that counsel effectively presented evidence that was aimed at mitigating Faerman's punishment. Faerman does not contend there was additional evidence which could have been presented at a formal punishment hearing. Appellant's first and second points of error are overruled.

In his third and fourth points of error, Faerman contends the statutory scheme which prevents him from appealing the trial court's adjudication of guilt violates the equal

---

1. In *Duhart v. State*, 668 S.W.2d 384, 387 (Tex. Crim.App.1984), the Court of Criminal Appeals held that Article 42.12 "does not mandate a separate punishment hearing." Although *Duhart* is cited with approval in *Issa*, we assume the Court of Criminal Appeals overruled this specific holding *sub silentio*. In any event, the statute seems to contemplate a punishment hearing *after* the adjudication of guilt. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Supp.1998):

   On violation of a condition of community supervision ... [t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, *including assessment of punishment*, pronouncement of sentence, granting of community su-

pervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.
   (Emphasis added).

2. After finding specific allegations in the motion to adjudicate to be true, the trial judge said:

   The Court finds that each of these singly and together are each a violation of conditions of your probation. Your probation is revoked. Your punishment [is] assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 12 years.
   You have anything to say?
   You will now be delivered by the sheriff of Harris County to the director of the Texas Institutional Division.
   Go with the bailiff.

protection clause of both the federal and state constitutions. The legislature has provided:

> On violation of a condition of community supervision under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.*

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Supp.1998) (emphasis added). Faerman argues that because this prohibition applies to those defendants who are granted deferred adjudication, but does not apply to those who have their sentences suspended, the statute creates an unjustifiable distinction that renders it unconstitutional.

█ It is well settled that the Equal Protection Clause allows the Legislature considerable leeway to enact legislation that may appear to affect similarly situated people differently. *Clark v. State,* 665 S.W.2d 476, 480 (Tex.Crim.App.1984). Absent an interference with the exercise of a "fundamental" right or a burden on a "suspect" class, classifications will not be set aside on equal protection grounds if they are rationally related to a legitimate state interest. *Id.* The right to appeal does not create a suspect class or infringe on a fundamental right. *Burger v. State,* 920 S.W.2d 433, 437 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). Unlike a defendant who is placed on community supervision *after* his guilt has been adjudicated and his sentence suspended, a defendant who is granted deferred adjudication will have no record of conviction if he successfully completes the term of community supervision. This is a valuable benefit, and the legislature could rationally have chosen to condition the award of such a benefit on the relinquishment of a right to appeal, thereby conserving the judicial and prosecutorial resources of the State. *Rocha v. State,* 903 S.W.2d 789, 791 (Tex.App.—Dallas 1995, no pet.); *Burger,* 920 S.W.2d at 438.

Finding that there is a rational and legitimate state interest in curtailing appeals from hearings where guilt is adjudicated under Article 42.12, § 5(b), we conclude the statute is not unconstitutional under the Equal Protection Clause of either the federal or state constitutions. Accordingly, Faerman's third and fourth points of error are overruled.

█ In his final point of error, Faerman claims the trial court erred in refusing to set an appeal bond. After his guilt was adjudicated, Faerman requested the trial court set bond pending appeal in his Written Notice of Appeal. The trial court responded to Faerman's request with the notation "Denied—is not entitled to appeal Mo Adj" and the further reply that appeal bond shall be set at "none." Faerman later filed another request for the setting of bond and the trial court denied this request without further comment.

█ A trial court is under no obligation to give its permission for an appeal. Nevertheless, it may not deny or affirmatively interfere with a defendant's pursuit of an appeal no matter how futile it may appear. *Campos v. State,* 818 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). Even if the defendant has waived his appeal or has no statutory right to appellate review, the trial court has no authority to prevent him from giving notice of appeal to the court of appeals. *Id.*

█ Neither may the trial court *summarily* deny a defendant's request for bail pending appeal unless his punishment exceeds 15 years confinement or is assessed for certain repeat offender drug offenses. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04(b) (Supp.1998); *Shockley v. State,* 717 S.W.2d 922, 926–27 (Tex.Crim.App.1986). Thus, we find the trial court erred in failing to consider Faerman's request for bail. However, the error committed by the trial court does not relate to the validity of its judgment and is not a proper basis for a reversal of the conviction.

While we sustain appellant's fifth point of error, there is no meaningful relief that we can provide under the peculiar facts of this case. Ordinarily, we would grant relief by abating the appeal and remanding the cause to the trial court to consider appellant's request for bail. Here, however, an abatement

would not hasten the relief sought and would unnecessarily delay the disposition of the appeal.

The object of bail is to permit the defendant to retain some measure of liberty until there has been a final disposition of the accusations brought against him. In regard to bail pending appeal, the issue should be resolved at the *inception* of the appeal when the defendant can still derive some benefit from a bond. The legislature has, therefore, expressly accorded the defendant a preferential right of review in the court of appeals from any order or judgment entered by the trial court regarding his right to bail pending appeal. TEX.CODE CRIM. PROC. ANN. art. 44.04(g) (Supp.1998).[3] To provide meaningful review, an accelerated appeal under Article 44.04(g) from an order denying bail is separate and distinct from a defendant's general appeal from a judgment of conviction.[4] Here, the issue was not brought to us as a separate appeal under the authority of Article 44.04(g). Rather, Faerman simply included the matter as a point of error in his general appeal. A bail issue, presented in this manner, is ineffectual for two reasons:

(1) the appeal is not accelerated; and (2) when the bail issue is finally considered by the appellate court, the appeal is at its conclusion.

As Chief Justice Murphy observes in his dissenting opinion, Faerman may choose to seek review in the Court of Criminal Appeals and thereby extend the time of his appeal. While this is certainly true, the trial court retains continuing jurisdiction over a defendant's bail even after the cause has been appealed.[5] The trial court need not wait for the conclusion of Faerman's appeal before conducting a hearing on his request for bail. Therefore, *if* Faerman chooses to seek discretionary review and renews his request for bail, we trust the trial court will, in light of this opinion, consider his request for bail and, if there is no good cause to deny bail, set bail pending the remainder of his appeal.

Accordingly, the judgment of the trial court is affirmed.

MURPHY, Chief Justice, dissenting.

I agree with the majority's treatment of Faerman's first four points of error, but I believe Faerman's appeal should be abated to

---

3. A defendant may also choose to challenge such orders or judgments by way of an application for writ of habeas corpus. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex.Crim.App.1981).

4. For example, in *Dallas v. State*, 945 S.W.2d 328, 329 (Tex.App.—Houston [1 st Dist.] 1997, pet. granted, Oct. 8, 1997), the appellant "filed a notice of appeal in the main case, and also brought [an] accelerated appeal disputing the authority of the trial judge to attach certain conditions to his appeal bond."

5. Before its repeal, Article 44.11 of the Code of Criminal Procedure provided that: "Upon the appellate record being filed in the court of appeals or the Court of Criminal Appeals, all further proceedings in the trial court, *except as to bond as provided in Article 44.04*, shall be suspended and arrested until the mandate of the appellate court is received by the trial court." Act of May 13, 1981, 67 th Leg., R.S., ch. 291, § 129, 1981 Tex. Gen. Laws 815. (emphasis added). This article was repealed by order of the Court of Criminal Appeals dated December 18, 1985, pursuant to its authority under Act of May 27, 1985, 69 th Leg., R.S., ch. 685, 1985 Tex. Gen. Laws 2472. In its stead, Rule 40(b)(2) provides: "In the appeal of a criminal case when the record has been filed in the appellate court all further proceedings in the trial court, *except*

*as provided by law or by these rules*, shall be suspended and arrested until the mandate of the appellate court is received by the trial court." TEX.R.APP. P. 40(b)(2) (emphasis added). Article 44.04(c) of the Code of Criminal Procedure provides that the trial court has continuing supervision over a defendant's bail while his cause is on appeal and may even revoke the bond upon finding that some condition of bail has been violated:

> Pending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section (where the punishment does not exceed 15 years confinement), the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until the conviction becomes final. *The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.*

TEX.CODE CRIM. PROC. ANN. art. 44.04(c) (Supp. 1998). (emphasis added). *See Robinson v. State*, 700 S.W.2d 710, 712 (Tex.App.—Houston [14 th Dist.] 1985, no pet.).

allow the trial court to correct the error on his fifth point.

Faerman's right to bond pending an appeal is set out in article 44.04(c) of the Texas Code of Criminal Procedure, which provides, in pertinent part,

> [p]ending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section (where the punishment does not exceed 15 years confinement), the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final.

Tex.Code Crim. Proc. Ann. art. 44.04(c) (Vernon Supp.1997). In *Ex parte Byers,* the Court of Criminal Appeals interpreted this provision to mean "[t]he trial court has a *non-discretionary duty* to consider ... [the] application for bail." *See* 612 S.W.2d 534, 537 (Tex.Crim.App.1981) (emphasis added).[1]

While I agree in principle with the observation that an appellant should ordinarily proceed, under Rule 44 of the Texas Rules of Appellate Procedure,[2] with an accelerated appeal, I dissent from the majority's dispensation of this matter for two reasons. First, Faerman gave every opportunity to the trial court to correct itself, and, as a result, was limited in his ability to proceed as the majority holds he should have. Faerman twice filed motions to set bail and also applied for a writ of habeas corpus in the trial court. Most of Faerman's actions occurred after he filed his notice of appeal, and he was unable to supplement the record with demonstrations of the trial court's failure to consider his request.[3]

Second, the denial of bail pending appeal *without consideration* violates due process. *See Shockley v. State,* 717 S.W.2d at 922, 925–26 (Tex.Crim.App.1986) (Miller, J. concurring). While the concept of due process does not require a specific vindication of an individual's rights, Faerman's "interest in retaining liberty while his appeal is pending cannot be dismissed as insignificant ... [it is] a 'substantial right.' " *See id.* at 926. This may be *especially* true should we decide to affirm Faerman's conviction because the potential period of liberty enables a defendant to order his affairs for the ensuing time of confinement.[4]

---

1. The trial court possesses the right to deny Faerman's request for bond, but it must first show it considered his request. *See Ex parte Byers,* 612 S.W.2d at 537; *Valles v. State,* 689 S.W.2d 501, 503 (Tex.App.—El Paso 1985, pet. ref'd); *cf. Shockley v. State,* 717 S.W.2d 922, 926 (Tex. Crim.App.1986) (noting, in an appendix included with the concurring opinion, "that due process requires that the trial court give notice and hold a hearing prior to the denial of bail pending appeal"). If the trial court thereafter desires to deny his request it must find "good cause to believe that ... [Faerman] would not appear when his conviction becomes final or is likely to commit another offense while on bail." *See* Tex. Code Crim. Proc. Ann. art. 44.04(c); *Ex parte Byers,* 612 S.W.2d at 537.

   The review of a trial court's failure to consider bond pending appeal may be by an appeal or a writ of habeas corpus application. *See Ex parte Spaulding,* 612 S.W.2d 509, 511 (Tex.Crim.App. 1981); *cf. Ex parte Reese,* 666 S.W.2d 675, 677 n. 2 (Tex.App.—Fort Worth 1984, pet ref'd) (explaining that *Spaulding* establishes three methods for appealing a determination of bail pending appeal: (1) appeal of a denial of writ of habeas corpus; (2) direct appeal of a denial of a

motion to reduce bail; and (3) by original habeas corpus application to the Texas Court of Criminal Appeals).

2. Rule 44 is now Rule 31 under the new Rules of Appellate Procedure, promulgated this year and effective September 1, 1997. *Compare* Tex.R.App. P. 31 *with* Tex.R.App. P. 44, 707–08 S.W.2d (Texas Cases) xxix, lvi-lvii (1986).

3. This court denied, unfortunately, a motion for leave to file supplemental transcript by Faerman. Faerman explains in his brief that the request was for supplementing the record with the court's response on his motion for appeal bond, which came subsequent to his notice of appeal.

4. In addition, Faerman may subsequently seek review of our decision in the Court of Criminal Appeals. The majority believes such action should spur the trial court to consideration of Faerman's request, but given the repeated requests already made by Faerman, and the trial court's failure to respond to these requests, I would not leave the issue to the discretion of the trial court.

The trial court denied Faerman's request for bond pending appeal without granting him an opportunity to be heard or showing "good cause" for its denial. Because Faerman was denied due process, the unique posture of the case, and his difficulty in perfecting an appeal of the bail pending appeal issue to this court, I would find error in the trial court's failure to consider Faerman's request to set bond, abate the remainder of Faerman's appeal, and remand the case to the trial court to permit it to evaluate his request.