### In re James Daniel SWARTHOUT, Relator.

#### No. 01–97–00944–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 1998.

## OPINION

PER CURIAM.

Relator filed in this Court "Defendant's Pro Se Petition to the First Court of Appeals to be Allowed to Appeal Cause No. 751098." Relator petitions this Court to order the Honorable George Godwin, Judge of the 174th District Court, Harris County, Texas, to allow him to pursue an appeal in that cause number. We treat this as a petition for writ of mandamus.

■ Because relator's petition does not comply with rule 52.3 of the Rules of Appellate Procedure, he is not entitled to mandamus relief.

■ However, as the dissenting opinion explains, the trial court clerk had a ministerial duty to forward the notice of appeal to the appropriate court of appeals. When the trial court clerk failed to do so, and this Court became aware of the failure, we ordered a copy of the notice of appeal. Therefrom, we determined relator had timely filed a notice of appeal, and he is therefore entitled to appeal. Even so, the dissent takes the position relator is entitled to no relief from this Court.

The dissent claims this Court has "no jurisdiction" to order relator's case placed on this Court's docket, citing *Avis Rent A Car v. Advertising Committee*, 751 S.W.2d 257, 258 (Tex.App.—Houston [1st Dist.] 1988, no writ). We respectfully disagree with our colleague.

The First and Fourteenth Courts of Appeals have developed procedures to foster comity and efficiency between the two courts. We have concurrent jurisdiction, and we transfer appeals and original proceedings from one to the other in ways that are mutually agreed upon. Apparently, in 1988 when *Avis* was decided, parties could choose in which court to file a mandamus proceeding. 751 S.W.2d at 258. Today, the First and Fourteenth Courts have a procedure in place assuring that mandamus proceedings are filed "every-other-one" in each court, meaning the parties cannot simply choose the court of appeals in which to file a petition. Thus, the concern about "forum shopping" in *Avis* is no longer well founded. Further, *Avis* deals with the issue of whether a party is *entitled* to proceed in a particular court— *Avis* does not address the *jurisdiction* of the First and Fourteenth Courts of Appeals to make decisions between themselves about the docketing of cases.

Because we have considered and ruled on relator's mandamus petition, and because we have determined relator is entitled to an appeal, we consider it appropriate, in accordance with the usual and customary practice between the First and Fourteenth Courts of Appeals, to docket the appeal as cause No. 01–98–00491–CR in the First Court of Appeals, and we direct the Clerk of this Court to do so. We also direct the Clerk of this Court to place copies of all documents in the file of cause No. 01–97–00944–CV in the file of the new appellate cause number, 01–98–00491–CR.

TAFT, J., concurring and dissenting.

TAFT, Justice, concurring and dissenting.

This case involves two important issues: (1) whether a trial court can deny a criminal defendant's appeal after the defendant files notice of appeal, from a conviction based on an agreed plea bargain, without permission of the trial court; and (2) whether this Court has jurisdiction to order such an appeal docketed in this Court on the basis of a previously-filed petition for writ of mandamus.

## Facts

Relator, James Daniel Swarthout, filed a "Pro Se Petition for Reconsideration of Court to be Allowed to Appeal" in the trial court. His certificate of service included the Clerk of this Court. When this Court received the document on July 18, 1997, it was marked "received" and no further action was taken. On September 3, 1997, relator filed "Defendant's Pro Se Petition to the First Court of Appeals to be allowed to Appeal Cause No. 751098." This document was originally marked "received." Upon checking with the district clerk to verify the status of the appeal, it was determined that the trial court would not let relator appeal because he had pled guilty. On September 8, 1997, the pro se petition addressed to this Court was filed and assigned an appellate cause number.

When we attempted to treat relator's petition as an appellate motion, we discovered we had not received any notice of appeal. We questioned whether we had appellate jurisdiction. Upon further investigation, we reconfirmed that relator had timely filed notice of appeal, but the trial court had refused permission to appeal and ordered the notice of appeal to be placed in the clerk's file. Our clerk obtained copies of the documents filed in the trial court that indicated relator was sentenced on May 23, 1997, and timely filed notice of appeal on June 13, 1997. Relator attached a pauper's affidavit and requested the appointment of counsel. On June 16, 1997, the trial court ordered the notice placed in the case file because this was an agreed plea and the court was not granting permission to appeal. At some point, we determined to treat this matter as a petition for writ of mandamus.

## Arresting Appeal After Notice Filed

The history of appeals after negotiated pleas was well summarized in *Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Crim.App.1994).

Before 1977, a defendant in a criminal action had a general right to appeal anything. *Id.* at 734. Article 44.02 of the 1965 Code of Criminal Procedure provided, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 44.02, 2 1965 Tex. Gen. Laws 317, 511.

Effective August 29, 1977, the Texas legislature added the following *proviso* to article 44.02:

> [P]rovided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, **he must have permission of the trial court,** except on those matters which have been raised by written motion filed prior to trial. . . .

Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940–41 (emphasis added). The obvious purpose of the amendment was to encourage pleas of guilty and nolo contendere in those cases in which the only issue the defense wanted to take up on appeal was the denial of a pretrial motion, such as a motion to suppress evidence. In order to appeal anything else, the defendant had to obtain the trial court's permission. Without the court's permission in negotiated plea cases, an appellate court was without jurisdiction to address issues other than those raised by written motion filed before trial. *See Lyon,* 872 S.W.2d at 735; *Morris v. State,* 749 S.W.2d 772, 774–75 (Tex.Crim. App.1986); *see also Morgan v. State,* 688 S.W.2d 504, 515 (Tex.Crim.App.1985).

Because of the *proviso's* language, "before the defendant . . . may prosecute an appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial," some trial courts began denying notices of appeals as though they were requests for permission to appeal. *See, e.g., Campos v. State,* 818 S.W.2d 872 (Tex.App.—Houston [14th Dist.] 1991), *pet. ref'd* 821 S.W.2d 162 (Tex.Crim.App.1992). I think it was reasonable for a trial court, knowing the defendant did not file any pretrial motions and not being inclined to grant permission to appeal, to think that the *proviso* of article 44.02 precluded a defendant from proceeding on appeal. Thus, it would save precious judicial resources in such a situation for the appeal to stop immediately. No attorney would need to be appointed; the clerk would not have to compile and file a transcript (now, clerk's record); the court reporter would not have to transcribe notes and file a statement of facts (now, reporter's record); attorneys for the defendant and State would not have to file briefs and orally argue the direct appeal, file motions for rehearing, file petitions for discretionary review and briefs followed by oral argument in Austin, if granted, or file motions for rehearing from denial of discretionary review, and file petitions for writ of certiorari, if any, to the United States Supreme Court; and no clerks would need to process all the legal documents generated by the process. Nor would the taxpayers have to pay for the attorneys, the record, the filing fees, and the time devoted to the appeal by appellate clerks, attorneys, and judges. When this extensive cost is weighed against the bleak prospects of a successful appeal of a conviction and punishment to which the defendant agreed, one can understand why a trial court would conclude that the legislature intended permission of the trial court was a necessary prerequisite to even filing an appeal.

However, effective September 1, 1981, article 44.08(a) of the Code of Criminal Procedure was amended to establish a ministerial duty of the trial court clerks to send notices of appeal to the courts of appeals. The amended section read, in pertinent part, as follows:

> It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Appeals, to give notice of appeal. This notice may be given orally in open court or may be in writing and filed in duplicate with the clerk. If notice is given orally in open court, the clerk shall in duplicate reduce the same to writing. In

either case, **the clerk of the trial court shall ... forward it to the appropriate court of appeals....**

Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 127, 1981 Tex. Gen. Laws 761, 814 (emphasis added). From September 1, 1981 to September 1, 1986, when both the *proviso* of article 44.02 and the entirety of article 44.08 were repealed with the enactment of the Texas Rules of Appellate Procedure,[1] these two articles were both part of the Code of Criminal Procedure.

Because no exception was made in article 44.08(a) for appeals from plea bargains of defendants not raising pretrial motions and not having permission of the trial court, it appears that it was the intent of the legislature that trial courts not be able to stop an appeal from going forward. That was the conclusion reached by our sister court in *Campos*, 818 S.W.2d at 875. In that case, a district court judge refused to allow notice of appeal to be filed after a plea of guilty where punishment was assessed pursuant to an agreed plea bargain. The court wrote, "[T]he judge was under a mistaken belief that he could deny appellant's right to appeal his conviction." *Id.* at 874. The court held that the trial judge was without authority to deny the right to give notice of appeal. "If appellant has waived his right to appeal certain matters, it is a matter within the jurisdiction of the Court of Appeals to decide and not within the jurisdiction of the trial court to decide." *Id.* at 875.

I consider eminently reasonable both the actions of: (1) trial courts in following what they thought was the plain language of the former *proviso* to deny appeals to defendants who had received the benefit of their plea bargains and neither filed pretrial motions nor obtained permission of the trial court to appeal; and (2) our sister court in interpreting the subsequent legislative provision mandating trial court clerks to automatically forward notices of appeal to the appellate courts. Any resolution of an apparent conflict between the former *proviso* and former article 44.08(a)[2] is for the legislature to address. In the meantime, trial courts must allow appeals to proceed in situations like relator's.

Therefore, it appears that the trial court has erred in ordering relator's notice of appeal to be filed in the case file rather than forwarded to the appellate court.

### Remedy

Mandamus is a proper vehicle for the relief relator requests. In *Whitsitt v. Ramsay*, 719 S.W.2d 333, 335 (Tex.Crim.App.1986), the Court of Criminal Appeals ordered the trial court to vacate its order instructing the district clerk to "hold" the notice of appeal because forwarding the notice of appeal was a mandatory ministerial duty and there was no other adequate remedy.[3] If relator had filed a proper petition for writ of mandamus, I would vote to grant it so that we could order the trial court to allow the appeal to proceed. Because relator did not attach a copy of the trial court's order about which relator complains, I concur with the majority's decision denying relator's petition for writ of mandamus.

Of course, by ordering the docketing of relator's appeal in this Court, the majority gives relator effective relief anyway. It is to that decision I respectfully dissent, even though I acknowledge it is an equitable and expeditious solution. If this were an appeal from a county served by only one court of appeals, there would be little question that the filing of notice of appeal triggered jurisdiction in that court of appeals. In that case, I would agree with the majority's decision to order the notice of appeal forwarded to this Court to be placed on the docket. Relator's appeal is from Harris County, which is served by both the First and Fourteenth Courts of Appeals, however. Jurisdiction in either court is not determined until the dis-

1. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1–4, 1985 Tex. Gen. Laws 2472, 2472–73.

2. The former *proviso* and former article 44.08(a) have been brought forward in the Texas Rules of Appellate Procedure: (1) first in rule 40(b)(1) of the 1986 rules; and (2) presently in rule 25.2(b)(3) and (c) of the 1997 rules.

3. *Whitsitt* was not a negotiated plea situation. The applicant had waived his right to appeal.

*trict* clerk selects by random process to which appellate court to assign the appeal.

By ordering the appeal docketed in this Court, we have inadvertently allowed relator to forum shop. *See Avis Rent A Car v. Advertising Committee,* 751 S.W.2d 257, 258 (Tex.App.—Houston [1st Dist.] 1988, no writ) (explaining that, to prevent forum shopping, filing of an original proceeding does not determine the court to which a subsequent appeal will be assigned). Rather than being randomly assigned to the First or the Fourteenth Court of Appeals by the Harris County District Clerk, relator's appeal will have ended up in this Court simply because relator first filed a petition for writ of mandamus here.

I do not believe this Court has jurisdiction to order relator's case placed on this Court's docket.

There is also a practical reason not to take a shortcut in docketing relator's appeal. It would not allow the trial court to correct its own mistake, and rescind its erroneous order arresting relator's appeal.

### Conclusion

I concur in the majority's decision to deny relator's petition for writ of mandamus, but I respectfully dissent to its action assigning relator's appeal to this Court's docket.