Affirmed and Memorandum Opinion filed May 22, 2003














Affirmed and
Memorandum Opinion filed May 22, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00446-CR

____________

 

EX PARTE JESSE DALE FOX

 

___________________________________________

 

On Appeal from
the 183rd District Court

Harris County, Texas

Trial Court
Cause No. 909,185

 

___________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant Jesse Dale Fox filed a
petition for a writ of habeas corpus to challenge the conditions of his appeal
bond.  On appeal from the trial court’s
denial of his petition, he contends the trial court abused its discretion when
it imposed an unreasonable condition which is not authorized by the Texas Code
of Criminal Procedure.  In two points of
error, appellant contends that the trial court: (1) abused its discretion by
requiring appellant to register for and participate in sex offender treatment
as a condition of the appeal bond; and (2) erred in not finding Article 62.02
of the Texas Code of Criminal Procedure unconstitutional as applied to
him.  We dismiss the appeal.




 








Procedural Background

            Appellant was convicted by a jury of
the offense of aggravated sexual assault, and this court reversed his
conviction and remanded for a new trial. 
See Fox v. State, No.
14-00-01367-CR, 2002 WL 122056, at *1 (Tex. App.—Houston [14th
Dist.] Jan. 31, 2002, pet. ref’d).  As a
condition of the bond pending appeal, to which appellant became entitled after
the reversal, the trial court ordered appellant to participate in sex offender
treatment.  Appellant then filed his
petition for a writ of habeas corpus challenging the conditions of the appeal
bond.  After the trial court had denied
his petition, but before we could decide the merits of this appeal, the State’s
petition for discretionary review was denied by the Court of Criminal
Appeals.  

Mootness

            Appellant first contends that the
trial court abused its discretion by requiring him to register for and
participate in sex offender treatment as a condition of the appeal bond.  However, an analysis of the procedural
history of this case reveals that appellant’s first point of error has been
rendered moot.

            Because the Court of Criminal
Appeals has noted the distinction between pre-trial bail conditions and bail
pending appeal, we must be especially mindful of the procedural posture of any
habeas corpus petition challenging bond conditions.  In Ex Parte Anderer, the Court of
Criminal Appeals criticized its earlier cases for “ignor[ing] the difference between a defendant’s interest in
remaining free before trial, which is a right recognized in the Texas Constitution
and which furthers important constitutional objectives, and a convicted
defendant’s interest in remaining free during appeal, which is not a
constitutional right and which is not necessary after conviction.”  61 S.W.3d 398, 404 (Tex. Crim. App. 2001).  In
distinguishing these cases, the Court noted “the statutes treat conditions on
pre-trial bond differently from conditions on bail pending appeal.”  Id. at 401; see also Faerman
v. State, 966 S.W.2d 843, 848 (Tex. App.—Houston [14th Dist.] 1998, no
pet.).  To secure a defendant’s
attendance at trial, a magistrate setting pre-trial bail is now authorized to
“impose any reasonable condition of bond related to the safety of a victim of
the alleged offense or to the safety of the community.”  See Tex. Code Crim.
Proc. Ann. Art. 17.40(a); Lee v.
State, 39 S.W.3d 373 (Tex. App.—Houston [1st
Dist.] 2001, no pet.).  The “safety” and “attendance” standards
were not imposed on the trial court’s conditions of bail pending appeal, which
must only be “reasonable.”  Anderer, 61
S.W.3d at 402.  However, the Court of
Criminal appeals did observe that “it must be reasonable for a condition on
bail pending appeal to have the purpose of protecting the public safety” if the
Legislature requires such an analysis of pre-trial bail conditions.  Id. at 406.[1]

            It is important to note that
appellant requested bail pending final determination of an appeal by the state
on a motion for discretionary review of our reversal of appellant’s
conviction.  When an appellate court reverses
the trial court’s judgment and grants the defendant a new trial, the procedure
is governed by Code of Criminal Procedure Article 44.29.  See Tex. R. App. P. 51.2(c)(1).  Article 44.29 states that where the court of
appeals awards a new trial to the defendant on the basis of an error in the
guilt or innocence stage of the trial, “the cause shall stand as it would have
stood in case the new trial had been granted by the court below.”  Tex.
Code Crim. Proc. Ann. 
Art. § 44.29(a); Acker v.
State, 421 S.W.2d 398, 402 (Tex. Crim. App.
1967).  “Granting a motion for new trial
restores the case to its position before the former trial, including, at any
party’s option, arraignment or pretrial proceedings initiated by that party.”  Tex.
R. App. P. 21.9; Stewart v. State,
13 S.W.3d 127, 131 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  This means no finding of guilt and no
sentence exist.  Ex parte Nickerson, 893 S.W.2d 546, 548 (Tex. Crim. App. 1995).  No
conviction remains when the case is restored to a position before the former
trial, unlike the situation when a defendant has been convicted and the case is
pending on appeal.  Id.  In the latter circumstance the conviction
exists; it is simply not “final” for some purposes.  Id.  Thus, the effect of our reversal and remand,
coupled with the refusal of the Court of Criminal Appeals to grant
discretionary review, suggests that the appeal bond, having served its purpose,
is of no further legal authority or effect. 
Compare Cantrell v. State, 127
S.W.2d 471, 472 (Tex. Crim. App. 1939) (noting that
upon reversal of conviction by the Court of Criminal Appeals “an appeal bond
given by the appellant to abide the judgment in this court becomes functus officio”); Faerman, 966 S.W.2d at 848. 
An appeal bond is of benefit to a criminal defendant only during the pendency of his appeal. 
Faerman,
966 S.W.2d at 848 (noting that appeal bond issues “should be resolved at the inception of the appeal when the
defendant can still derive some benefit from a bond.”) (emphasis in original).

            Here, appellant was convicted by a
jury of the offense of aggravated sexual assault.  Once convicted, a defendant’s situation with
respect to his release, even assuming an appeal, changes significantly.  Anderer, 61 S.W.3d at 403 (relying on Wayne R. LaFave, et. al.,
3 Criminal Procedure § 12.4(d)
(2d ed. 2000)).[2]  Because of the nature of the offense for
which he was convicted, appellant was not entitled to bail pending appeal.  See Tex. Code Crim.
Proc. Ann. Art. 44.04(b). 
However, in overturning appellant’s conviction, we found that “the trial
court reversibly erred by excluding appellant’s offer of evidence of similar
sexual-abuse allegations made against him by the complainant’s young sisters
and by preventing cross-examination that would have shown bias of the outcry
witness.”  Fox, 2002 WL 122056, at *1. 
Upon our reversal and remand for a new trial, appellant became entitled
to reasonable bail “pending final
determination of an appeal by the state or the defendant on a motion for
discretionary review.”  See Tex.
Code Crim. Proc. Ann. Art. 44.04(h) (emphasis added); see also Shockley v. State, 717 S.W.2d
922, 923 (Tex. Crim. App. 1986) (explaining that the
court of appeals sets bail before a petition for discretionary review is filed
while the Court of Criminal Appeals sets bail after a petition for
discretionary review is filed). 
Accordingly, appellant filed a motion for bail pending appeal under
44.04(h), which entitles him to release on reasonable bail “regardless of the
length of term of imprisonment, pending final determination of an appeal by the
state or the defendant on a motion for discretionary review.”  See Tex. Code Crim.
Proc. Ann. Art. 44.04(h).  We set
bond at $20,000.

            As a condition of the bond pending
appeal, the trial court ordered the appellant to participate in sex offender
treatment.  When the State did not file a
motion for rehearing by its due date, the reversal of the conviction became
final for the purposes of article 44.04(h). 
Cf. Tissier
v. Kegans, 789 S.W.2d 680, 681 (Tex. App.—Houston
[1st Dist.] 1990, no writ).  When the
Court of Criminal Appeals refused the State’s petition for discretionary
review, it rendered this court’s judgment final.  Cf.
Keith v. State, 782 S.W.2d 861, 864 (Tex. Crim.
App. 1989).  The subsequent refusal of
the Court of Criminal Appeals to review the case renders a review of the appeal
bond conditions moot.  See Bennet v.
State, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no writ)
(noting the “longstanding rule in Texas regarding habeas corpus is that where
the premise of a habeas corpus application is destroyed by subsequent
developments, the legal issues raised thereunder are
rendered moot.”); see also Ex parte Guerrero, 99 S.W.3d 852, 853 (Tex. App.—Houston
[14th Dist.] 2003, no pet. h.) (per curiam).

            We find support for this conclusion
in the case of Watkins v. State, 883
S.W.2d 377 (Tex. App.—Tyler 1994, no pet.). 
In that case, the defendant was convicted of capital murder.  Like Fox, Watkins was ineligible for bail pending
appeal.  Id. at
378.  However, he became entitled to bail
pending appeal when the Tyler Court of Appeals reformed his capital murder
conviction and ordered re-sentencing for the offense of non-capital murder.  Id.  Thereupon, he petitioned the trial court to
set reasonable bail pending appeal of his murder conviction.  Id.  In reviewing his petition for a writ of
habeas corpus, the court noted that Watkins had already perfected his appeal of
the conviction, the court of appeals had overruled his motion for rehearing,
and the Texas Court of Criminal Appeals had refused his petition for
discretionary review.  Id.  Watkins’s complaint that he was entitled to
bail pending appeal was moot, since his conviction was no longer on
appeal.  Id.  We see no reason why this logic would not
apply in a case in which the Court of Criminal Appeals has refused a petition
for discretionary review after a defendant’s conviction has been reversed and
remanded by a court of appeals.

            As the issues raised by appellant’s
post-conviction application for writ of habeas corpus have been rendered moot
by the Court of Criminal Appeals’ refusal to review the case, we hold that any
determination that we might make on the merits of the first point of error
would be advisory only.  See Sims v. State, 792 S.W.2d 81, 82
(Tex. Crim. App. 1990).  Thus, we dismiss appellant’s first point of
error as moot.

“Constructive Custody”

            In his second point of error,
appellant contends the trial court abused its discretion by failing to consider
and find that Article 62.02 of the Code of Criminal Procedure was
unconstitutional as applied to him.  In
setting the conditions of the appeal bond, the trial court required that
appellant attend sex offender treatment classes but did not require that he
register with the Sex Offender Registration Program.  In his petition, appellant sought a
declaratory judgment directing the State to refrain from arresting him for
failure to register with the Sex Offender Registration Program, or in the
alternative, to declare the program unconstitutional as applied to him.  Appellant argues that any such duty, if one
existed at all, terminated during the appellate process and thus the trial
court should have declared that he could not be prosecuted for failure to
register under the program.  The trial
court found that such a determination was “not relevant to this writ
hearing.”  On appeal, he maintains that
the State’s professed intent to charge him with the offense of failure to
register under the program placed him in “constructive custody,” thereby
entitling him to avail himself of a habeas proceeding.

            Appellant’s second point is not ripe
for review.  The ripeness doctrine
examines both the timing of a lawsuit and its factual posture at the time of
its filing, and allows courts to avoid premature adjudication.  Ex Parte Cross, 69 S.W.3d 810, 814 (Tex. App.—El
Paso 2002, no pet.).  If there is no
concrete injury and any possible injury depends on contingent, remote, or
hypothetical facts, the court does not have jurisdiction to address the
dispute.  Id.  Appellate
courts must look to the facts and evidence existing when the suit was filed to
determine whether the claims are ripe.  Id. 

            To be entitled to relief, a habeas
corpus petitioner must establish that he is either “confined” or “restrained”
unlawfully at the time the writ application was filed.  See Dahesh v. State, 51
S.W.3d 300, 302 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d) (relying on Rodriguez v. Court of Appeals, 769
S.W.2d 554, 558 (Tex. Crim. App. 1989)).  “Confinement” or “confined” refers “not only
to the actual, corporeal and forcible detention of a person, but likewise to
any coercive measures by threats, menaces or the fear of injury, whereby one
person exercises a control over the person of another, and detains him within
certain limits.”  Tex. Code Crim. Proc. Ann. Art.
11.21.  A person is “restrained” if he or
she is under “the kind of control which one person exercises over another, not
to confine him within certain limits, but to subject him to the general
authority and power of the person claiming such right.”  Id. Art.
11.22.  

            Considering this definition,
appellant’s argument was not ripe at the time of the filing of the petition
because Article 62.02 had not been applied to appellant.  Ex parte Tamez, 4 S.W.3d 366, 367 (Tex. App.—Houston
[1st Dist.] 1999, no pet.) (noting that habeas corpus petitioner’s claim was
not ripe because the record does not show that challenged statute be applied).  Appellant does not make a facial challenge to
the constitutionality of the statute. 
Rather, like the habeas petitioners in Ex Parte Weise and
Cross, he only contends that the
statute is unconstitutional as applied to him. 
Ex Parte
Weise, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); Cross,
69 S.W.3d at 814.  As the Tamez court noted, an appellant “challenging
a statute’s constitutionality must show the statute is unconstitutionally
applied to [himself].”  Tamez, 4 S.W.3d at 367 (relying on Parent v. State, 621 S.W.2d 796, 797
(Tex. Crim. App. 1981).  Here, appellant cannot make any
constitutionality claim against Article 62.02, as it had not been applied to
him in any unconstitutional manner at the time of the filing of the petition.

            The proper time to argue this issue
is after appellant has been charged or indicted for the future offense,
however, at the time of the filing of the petition, no action had been taken
against him for the future offense.  Id.  Appellant’s injury is contingent upon future
action and thus, the court lacks jurisdiction to address the merits of the
habeas claim. 

Conclusion

            For the foregoing reasons, the
appeal is dismissed.  See Tex.
R. App. P. 43.2(f).

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed May 22, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 

 











            [1]  In Anderer, the trial court set the defendant’s bail and
imposed on the bail the condition that the appellant was “not to operate any
type of motor vehicle whatsoever.”  61
S.W.3d at 398.  The appellant applied for
a writ of habeas corpus on the ground that the condition was unreasonable
pending appeal to the court of appeals.  Id. at
399.  In the case at bar, the court of
appeals set the bond and the trial court subsequently imposed the bond
conditions.  In support of the
proposition that a trial court may impose such conditions after the court of
appeals has set bond, the State relies on Dallas
v. State, 983 S.W.2d 276, 277 (Tex. Crim. App.
1998) and Estrada v. State, 594
S.W.2d 445, 446 (Tex. Crim. App. 1980).  Although it noted that they “provide valuable
guidance for evaluating conditions on pre-trial bond,” the Court of Appeals
found that Estrada and its progeny,
including Dallas, were
“misleading as to conditions on bail pending appeal.”  As the case is moot, we need not decide
whether a trial court may impose conditions on a bond set previously by the
court of appeals.  Anderer, 61 S.W.3d at 405. 





            [2]  The distinction between pre-trial and
post-conviction bail is critical.  Bail
before trial permits the unhampered preparation of a defense, and serves to
prevent the infliction of punishment prior to conviction.  Anderer, 61 S.W.3d at 403. 
The only interest that is furthered by a defendant’s right to remain
free during appeal is the interest in protecting the defendant from an
erroneous judgment.  Id. at
406.  Thus, in an inquiry into a
defendant’s bail pending appeal, “[t]he issue is not whether this class of
appellants should be denied the right to remain free on appeal; it is only,
while they are free on appeal, what conditions on their freedom are
reasonable?”  Id.